Where the affidavit, on which is granted an order to examine defendant before trial, contains no facts showing that the examination is necessary, or that there is any doubt that plaintiff will be able to procure the attendance of defendant at the trial, and where the affidavit shows that the object of the motion is to obtain in advance the grounds of defense, the order will be vacated.

Appeal from special term, New York county.

Action by the First National Bank of Jersey City against John Lindenmeyer and others, in which an order for the examination of defendant was granted. From an order denying a motion to vacate that order defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Lucien Birdseye,* for appellant.   *Hamilton Wallis,* for respondent.

VAN BRUNT, P. J. It seems to be apparent, upon an examination of the affidavit upon which the order for examination was granted in the case at bar, that the object was to obtain in advance of the trial a statement by the defendant sought to be examined of the grounds of his defense, so that the plaintiff may be the better prepared to meet the same upon the trial. This, in one part of the affidavit, is the avowed object; as it is stated that one of the objects of the examination is to ascertain the claims of the defendant in respect to the payment of the special capital. Furthermore, no facts are stated showing that this examination is necessary to the plaintiff. An attempt is made to do so upon the allegation of the absence of entries in the books of the defendant firm, but there is no statement that the facts are not within the knowledge of the plaintiff's officers, nor that they have not at their disposal the means of proving all that they seek to extract from the plaintiff. Neither is it shown that there is any doubt about their being able to procure the attendance of the defendant sought to be examined at the trial. These applications are addressed to the sound discretion of the court, and should only be granted where it appears that they are sought for a legitimate purpose, and not merely upon a hope of discovering something of benefit to the party applying. The order appealed from should be reversed, with $10 costs and disbursements, and the order for examination vacated. All concur.

---

### OWEN v. CALHOUN.

*(Supreme Court, General Term, First Department. January 24, 1890.)*

1. PRESUMPTION OF PAYMENT—LAPSE OF TIME.

Where suit is brought on a lost note, and also on a claim for advances and services, and no demand for payment of either has been made for 21 years, and plaintiff is shown to have gone into bankruptcy since his right of action accrued, there is a presumption of payment from the lapse of time.

2. SAME—PROVINCE OF JURY.

Although the presumption of payment after 20 years is one of fact, yet, where the evidence is such that the jury must give effect to the presumption, and a contrary verdict would be set aside as against the weight of evidence, the court may dismiss the complaint, and direct a verdict for defendant.

On exceptions from circuit court, New York county.

Action by William M. Owen against John C. Calhoun to recover on a note, and also for advances and services. Motion for a new trial by plaintiff upon exceptions heard in the first instance at the general term.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Sutherland Tenney,* for plaintiff.   *C. C. Suydam,* for defendant.

VAN BRUNT, P. J. This action was brought in May, 1888, to recover upon a promissory note for $5,212.50, bearing date December 20, 1866, payable

February 21, 1867, upon which $2,000 had been paid on the 5th of February, 1867, and also for advances made and services rendered to defendant in January and February, 1867. The answer set up payment, and various statutes of limitations. Upon the trial the note was not produced. The plaintiff was the only witness to prove that it had been lost. He also testified that the note was originally given to a firm of which he was a member, which firm dissolved in 1869, all the assets being transferred to him; and that, although he took the benefit of the bankrupt act in 1871, and must have assigned all his property then to an assignee in bankruptcy, he had not, to his recollection, assigned this note to any one. At the time the note fell due the defendant resided in South Carolina. In 1868 he moved to Mississippi, and in 1871 to Arkansas, and in 1884 he removed to New York, where he has ever since resided. During the time the plaintiff resided in Arkansas the entire business was in New Orleans, where the plaintiff resided, and saw the defendant frequently there; and no claim whatever was ever made by the plaintiff upon the defendant from June, 1867, until February, 1888. The defendant further testified as to a certain assignment in settlement of this matter. The court dismissed the complaint, and ordered the exception to the dismissal to be heard at the general term in the first instance. This ruling was clearly right. Although the court did not expressly dismiss the complaint upon the ground of the presumption of payment, yet, this being one of the grounds of the motion, if the court had not dismissed the complaint upon any other ground, it would have been its duty to have dismissed it upon this.

It is true that presumption of payment after 20 years is a presumption of fact, and not of law, and therefore must ordinarily be found by a jury; yet, where the evidence is of such a character that the jury must give effect to the presumption, and a contrary verdict would be set aside as against the weight of evidence, the court may dispose of the question by dismissing the complaint or directing a verdict. The claims sued upon are 21 years old. The plaintiff was in needy circumstances, having taken the benefit of the bankrupt act in 1871; and, if he then held the note, presumably parted with it to his assignee in bankruptcy, and, although meeting the defendant frequently, never made any claim upon him for its payment. Furthermore, the plaintiff cannot produce the note. He says it is lost. How, when, or where, he does not tell us. Under these circumstances, no jury could be allowed to declare that the presumption of payment had not been established. The fact that lapse of time raises a presumption of payment is expressly recognized in the case of *Bean* v. *Tonnele*, 94 N Y. 381; and where no claim has been made for 21 years, and the note cannot be produced, and the plaintiff is shown to have gone into bankruptcy, it is difficult to see how a stronger case can be made, only arising from a presumption of payment.

As for the claims for advances and services, they rest upon the same foundation, except, perhaps, the evidence is not quite so conclusive, as these alleged debts were not evidenced by any written instrument which is not produced.

We do not think it necessary to discuss the question of the statute of limitations, as the point suggested disposes of the exceptions. Exceptions overruled, and judgment ordered for defendant, with costs. All concur.