JOHN J. SHELDON, as Administrator of MARY E. SHELDON, Deceased, Appellant, *v.* RUFUS HEATON, Respondent.

*Deposit of money — Statute of Limitations does not commence to run until a demand has been made — presumption of payment arising from the lapse of time — effect of the failure to appoint an administrator of a deceased depositor.*

Where a person receives the money of another as a deposit the amount so received is not due until demanded, and the Statute of Limitations does not commence to run until a demand has been made.

The presumption of payment arising from lapse of time, in a case where the Statute of Limitations has not run, is not conclusive and merely presents a question of fact for the determination of the jury upon the trial of an action brought to recover money alleged to be due the plaintiff, yet where the evidence is such that a jury must find that such payment has been made, the court may dismiss the complaint and direct a verdict.

Upon the trial of an action brought to recover the amount of a deposit made by the plaintiff's intestate thirty years prior to the commencement thereof, it was shown that the intestate died about eight years after making the same, and that from that time until the demand was made immediately preceding the commencement of the action there was no administrator of her estate.

*Held,* that the case was substantially the same as if only eight years had elapsed between the delivery of the money and the demand made of the person with whom it was deposited;

That under the circumstances the presumption of payment arising from the lapse of time was not so irresistible as to justify the withdrawal of that question from the jury.

### SAME, Appellant, *v.* SAME, Respondent.

*Promissory note — when a demand is unnecessary — parol evidence to vary a written instrument.*

An action was brought to recover money deposited with the defendant by the plaintiff's intestate, for which the defendant gave an instrument in the following words:

"$178.33.

"Due Mrs. M. E. Sheldon, one hundred and seventy-eight 33-100 dollars.

"ROUSES POINT, *April* 29, 1863.          (Signed)     R. HEATON."

*Held*, that the instrument was a promissory note and that, as no time of payment was mentioned therein, it was payable immediately;

That under the written contract the plaintiff's intestate could have sued at once without a demand, as an action would have been a demand;

That the parties to the transaction having voluntarily entered into the written contract, their rights were to be determined by the writing and its terms could not be varied by parol evidence.

APPEAL in the first above-entitled case by the plaintiff, John J. Sheldon, as administrator of Mary E. Sheldon, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Clinton on the 7th day of December, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Clinton Circuit, with notice of an intention to bring up for review upon such appeal the order of the court directing a nonsuit.

Appeal in the second above-entitled case by the plaintiff, John J. Sheldon, as administrator of Mary E. Sheldon, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Clinton on the 7th day of December, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Clinton Circuit, with notice of an intention to bring up for review upon such appeal the order directing a nonsuit.

*William H. Dunn* and *T. F. Conway*, for the appellant.

*James B. Stearns* and *G. H. Beckwith*, for the respondent.

PUTNAM, J.:

These cases were tried and may be considered together.

The first above-entitled action was brought to recover for money deposited with defendant and for which he delivered to plaintiff's intestate an instrument of which the following is a copy :

'$300.

" Rec'd of Mrs. M. M.* Sheldon three hundred dollars on deposit.

"ROUSES POINT, *August* 20, 1864.          R. HEATON."

---

* *Sic.*

The action was commenced thirty years after the execution of the instrument. Mary E. Sheldon, the party to whom the paper was delivered, died on August 21, 1872, and plaintiff was appointed her administrator on May 2, 1893. Defendant, among other defenses, set up in his answer the Statute of Limitations as a bar to the action. On the trial the court below held that the Statute of Limitations had run against the demand of the plaintiff; that an action could have been brought at once on the instrument above set out, and the beginning of the action would have been a sufficient demand, and the trial justice granted defendant's motion for a nonsuit.

It seems quite clear from the written contract between the parties above set out, as well as from the oral evidence given on the trial, that the transaction between the defendant and Mrs. Sheldon was a deposit and not a loan; that there was no right of action against the defendant until after a demand, and hence that plaintiff's claim was not barred by the Statute of Limitations. (*Payne* v. *Gardiner*, 29 N. Y. 146; *Smiley* v. *Fry*, 100 id. 262; *Boughton et al.* v. *Flint*, 74 id. 476–482.)

None of the authorities cited by the learned counsel for respondent conflict with the doctrine settled in *Payne* v. *Gardiner* (*supra*).

In this case the parties by their written contract have said that the money which the plaintiff sues to recover was received as a deposit. Hence it was not due until demanded, and the action was not barred by the Statute of Limitations.

It is possible that the plaintiff's demand could have been defeated as stale, and presumed paid on account of the great lapse of time between the deposit of the money and the commencement of the action. But it is held that the presumption of payment arising from lapse of time in a case where the Statute of Limitations has not run is not conclusive, but merely presents a question of fact for the jury. (*Macaulay, as Survivor,* v. *Palmer*, 125 N. Y. 742.)

In *Bean* v. *Tonnele* (94 N. Y. 381–385) ANDREWS, J., says: "In *Jackson* v. *Sackett* (7 Wend. 94) many of the cases on the presumption arising from lapse of time were referred to, and it was

held that the presumption was one of fact and not of law, and that it was for the jury to draw the conclusion upon all the facts and circumstances of the case."

In *Owen* v. *Calhoun* (8 N. Y. Supp. 447) it was said that the presumption of payment arising from lapse of time was one of fact, yet where the evidence is such that the jury must give effect to the presumption and a contrary verdict would be set aside as against the weight of evidence, the court may dismiss the complaint and direct a verdict.

In this case we are of opinion that the court was not justified in taking the case from the jury under the doctrine stated in the case last cited. Plaintiff's intestate, who made the deposit with defendant, died about eight years after the transaction, and from that time until the demand was made immediately preceding the action by the plaintiff, there was no administrator of her estate, and hence no person who could have demanded the deposit of defendant. No person in fact to whom the defendant could have paid the money left with him by deceased. Hence the case is substantially the same as if only eight years had elapsed between the delivery of the money and the demand made of defendant. Under the circumstances we think the presumption of payment arising from the lapse of time was not so irresistible as to justify the withdrawal of the question of fact from the jury. In *Macaulay, as Survivor*, v. *Palmer* (*supra*) we judge from the recitals contained in the report of the cause that the action was not commenced for over twenty years after the cause of action accrued. In *Boughton et al.* v. *Flint* (*supra*) the proceeding before the surrogate appears to have been had very many years after the money had been placed in the hands of the testator.

Assuming, therefore, that there could arise a presumption of payment of a claim for money deposited not barred by the Statute of Limitations, and where no demand of payment had been made owing to the lapse of time, we think that under the facts and circumstances appearing in this case the trial judge should have submitted the question to the jury. It follows that the judgment in the first above-entitled action should be reversed and a new trial granted, costs to abide the event.

The second action was also brought to recover money deposited with defendant by plaintiff's intestate, and for which defendant gave her the following paper:

" $178.33.

"Due Mrs. M. E. Sheldon one hundred and seventy-eight $\frac{33}{100}$ dollars.

"ROUSES POINT, *April* 29, 1863.

"(Signed)          R. HEATON."

The defendant, in his answer, set up with other defenses the Statute of Limitations as a bar to the action, and the court below dismissed the complaint on that ground.

The paper given by defendant to Mrs. Sheldon was a promissory note (*Russell* v. *Whipple*, 2 Cow. 536; *Kimball* v. *Huntington*, 10 Wend. 675; *Sackett* v. *Spencer*, 29 Barb. 180), and no time of payment being mentioned, it was payable immediately. (*Cornell* v. *Moulton*, 3 Den. 12, 13.)

Therefore, it appears that on April 29, 1863, the defendant and Mrs. Sheldon had a transaction by which the latter delivered to the former $178.33, and a written agreement was then made between the parties by which defendant agreed to pay the sum advanced to Mrs. Sheldon immediately. Under the written contract deceased could have sued at once without a demand. An action would have been a demand. We are of opinion that the parties to the transaction in question having voluntarily entered into a written contract, their rights are to be determined by the writing, and its terms cannot be varied by parol testimony. Plaintiff would not claim that it could be shown by parol evidence that the defendant was to allow Mrs. Sheldon interest at less than the legal rate on the money advanced, or that it could be shown that there was an agreement that the money should not be paid for a year or more. Under the written contract the $178.33 advanced was payable immediately. Yet the plaintiff seeks to show by parol testimony that the oral contract of the parties was that the money should not be paid until after a demand, which demand was not made until over thirty years had elapsed. We are of the opinion that the terms of the written contract could not be varied by an oral agreement made at the time of its delivery. (See *Read* v. *Bank of Attica*, 36 N. Y. St. Repr. 894; *Carter* v. *Hamilton*, 11 Barb. 147–150.)

It follows that the trial judge disposed of the case properly on the trial, and hence that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

In the first above-entitled action judgment reversed and a new trial granted, costs to abide the event; in the second above-entitled action judgment affirmed, with costs.