## SHELDON v. HEATON.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. PAYMENT—PRESUMPTION FROM LAPSE OF TIME.
    A certificate of deposit was made by defendant to deceased in 1864, which deceased kept to the time of her death, in 1872; and nothing was done with it until plaintiff was appointed administrator, in 1893. In the meantime, in 1877, defendant made an assignment, but paid his debts in full. *Held* to justify a finding that the certificate had been paid.

2. SAME—INSTRUCTIONS.
    It is not error to refuse to charge "that the interval of twenty years, sufficient to raise presumption of payment, must be computed from the time the cause of action accrued [after demand], not from the time the contract was executed," as such charge ignores the circumstance that defendant had a right to pay without demand.

3. SAME—EVIDENCE OF PAYMENT.
    A jury may infer payment from circumstances, though 20 years have not elapsed since the action accrued.

4. SAME—INSTRUCTIONS.
    The real question in issue being whether or not the debt had been paid before a certain time in 1893, with or without demand, a charge that the cause of action did not accrue until the day payment was demanded and refused, which was on such dates, was properly refused.

5. SAME—PRESUMPTIONS.
    Under the defense of payment, defendant is entitled to the benefit of any evidence by way of presumption that may properly arise in the case.

Action by John J. Sheldon, as administrator of the estate of Mary E. Sheldon, deceased, against Rufus Heaton. From a judgment in favor of defendant, and an order denying a motion on the minutes for a new trial, plaintiff appeals. Affirmed.

The action was commenced on the 9th of May, 1893, and is based upon an instrument of which the following is a copy: "$300. Rec'd of Mrs. M. M. Sheldon three hundred dollars on deposit. R. Heaton. Rouse Point, Aug. 20, 1864."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. H. Dunn, for appellant.
Jas. B. Stearns and G. H. Beckwith, for respondent.

MERWIN, J. Upon the first trial of this action a nonsuit was granted upon the ground that an action could have been brought at once on the instrument, without any demand other than the beginning of the action, and that, therefore, the action was barred by

the statute of limitations.   Upon appeal to the general term the judgment was reversed (88 Hun, 535, 34 N. Y. Supp. 856); it being held that there was no right of action until after a demand, and therefore the statute was not a bar, as the demand, as shown, was made shortly before the commencement of the action.    It also seems to have been held that, assuming that there could arise a presumption of payment of such a claim from lapse of time, where no demand had been made, it was not, under the circumstances of the case, so irresistible as to justify the withdrawal of that question from the jury.   Upon the second trial, which is now before us for review, the question of payment was submitted to the jury; they being told that if from the lapse of time, and the attending circumstances, they were satisfied that the money had been paid, they should find for the defendant.   They so found.   At the time the deposit was made, both parties lived at Rouse Point.   Mrs. Sheldon was then, and had been for several years, engaged in the millinery business; and the defendant had a store, and was reputed to be wealthy.   Mr. Sheldon was absent in California from 1859 to 1863. After his return his wife continued in business but a short time, till about the fall of 1864.   After that the husband was engaged in the butchering business; providing for the support of his wife and four children until the death of the wife, in August, 1872.   On May 2, 1893, Mr. Sheldon took out letters of administration upon the estate of his wife, and soon after that presented to the defendant the certificate or receipt in question, demanded payment, and, upon its refusal, commenced this action.   The defendant, as well as Mr. Sheldon, has continued to. reside at Rouse Point to the present time.   Mr. Sheldon testified that he first saw the certificate five years after his wife died; it being sent to him from Toronto, Canada, by his daughter, who took the personal effects of his wife after she died.   The defendant made a general assignment in October, 1877.   He testifies that he was not insolvent at that time, and that all his debts were paid.   There was no direct evidence of any demand until the plaintiff made the demand, just before bringing the action.   The defendant then claimed that he had paid the money to the wife long before she died.   There was no direct evidence of such payment.   The defendant, by reason of the death of Mrs. Sheldon, was not competent to testify to transactions between him and her.   The receipt or certificate did not draw interest.   Mrs. Sheldon could have demanded payment at any time during the eight years that she lived after it was given, and the defendant had the right to pay it without a demand.   Seymour v. Dunham, 24 Hun, 93, 94.   Mr. Sheldon, upon receiving the paper, in 1877, could, for aught that appears, have immediately taken out letters of administration.   He had himself a third interest in the proceeds, and his children were the other parties in interest.   The fact that the defendant then made an assignment, coupled with the fact that the defendant then had sufficient property to pay all his debts, would naturally have stimulated to action any one who then had valid claim.   Still, Mr. Sheldon did nothing for the period of more than 15 years there-

after. The other parties in interest were, as it may be inferred, under no disability after 1880. The lapse of time, with the attending circumstances, as shown in this case, justified the jury, I think, in finding that the money had been paid.

The plaintiff claims that the court erred in declining to charge "that the interval of twenty years (sufficient to raise presumption of payment) must be computed from the time the cause of action accrued, not from the time the contract was executed." This request ignores the circumstance that the defendant had a right to pay without a demand, although the holder of the certificate would not have the right to sue until after demand was made. Besides, a jury may infer payment from circumstances although 20 years have not elapsed. Lyon v. Adde, 63 Barb. 89, 94, and cases cited; 1 Greenl. Ev. (15th Ed.) § 39; 18 Am. & Eng. Enc. Law, 207, 209, and cases cited. Upon this subject each case evidently must depend largely upon its own circumstances, and it was not error, I think, to refuse the request.

The plaintiff asked the court to charge "that, under the proofs in this case, no cause of action accrued on this certificate until the day that payment was demanded and refused, viz. May 6, 1893"; also "that the question whether payment may be presumed cannot be considered in this case, because a right of action against defendant did not accrue until May 6, 1893, the day demand of payment was made, and twenty years was not permitted to intervene between that time and the bringing of the action." These requests assumed that the plaintiff had a cause of action on the 5th May, 1893, and avoided the real question in the case, which was whether or not before that time, and in the lifetime of the wife, either with or without a demand, a debt had been paid. I perceive no error in declining to charge as the plaintiff requested. The right of defendant to have the benefit of the presumption from lapse of time did not depend upon his being able to show an actual demand by the wife. That was a matter that might be inferred from circumstances. As said in Bean v. Tonnele, 94 N. Y. 386, "An unexplained neglect to enforce an alleged right for a long period casts suspicion upon the existence of the right itself."

It is argued that the defense of "presumption of payment" should have been specially set up. The defense of payment was set up, and under that the defendant was entitled to the benefit of any evidence by way of presumption that might properly arise in the case. There is no question here about the statute of limitations, and therefore the force to be given to the first clause of section 414 of the Code need not be considered. The judgment should be affirmed. All concur.

Judgment and order affirmed, with costs.