JACOB C. COOK, as Administrator, etc., of CLARISSA COOK, Deceased, Respondent, *v.* SANDY CASLER, as Sole Surviving Executor, etc., of JOSIAH SNELL, Deceased, and ALFRED W. SHULL, Appellants.

*Action to recover a fund held by sureties to indemnify them against liability — the obligee in the bond executed by the sureties must be made a party — measure of damages where the sureties refuse to pay over a fund and accept an indemnity bond — tender of bond necessary where specific performance is asked.*

Where a bank, upon receiving a bond of indemnity, pays to an administrator the amount of a certificate of deposit which the bank had issued to his intestate and which could not be found after her death, and thereafter such administrator pays the deposit to the sureties on the bond of indemnity upon their promise to return it with interest whenever they "should be relieved or discharged from" liability upon the bond executed by them, the sureties cannot be compelled, in an action to which the bank is not a party, to return to the administrator the fund held by them, as in such a case the bank could not be compelled to surrender the bond or "relieve or discharge" the sureties therefrom.

Where the sureties agree to surrender the fund held by them in exchange for an indemnity bond executed by a surety company, the measure of damages recoverable in an action at law for the breach of such agreement will not exceed the expense necessarily incurred in procuring and offering the bond of the surety company.

*Semble,* that, in order to entitle the administrator to compel a specific performance of such an agreement by the sureties, it would be necessary for the administrator to deliver the indemnity bond to the sureties.

APPEAL by the defendants, Sandy Casler, as sole surviving executor, etc., of Josiah Snell, deceased, and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 22d day of March, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of February, 1902, denying the defendants' motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon such appeal orders entered in said clerk's office on the 19th day of February, 1902, granting an additional allowance of costs to the plaintiff, and denying the defendants' motion to dismiss the complaint.

*Andrew J. Nellis* and *Benjamin F. Spraker,* for the appellants.

*Henry V. Borst* and *W. H. Van Steenbergh,* for the respondent.

PARKER, P. J.:

This claim has heretofore been before this court, and is reported (*Cook* v. *Shull*, 35 App. Div. 121). In addition to the facts therein stated, a further statement is required as follows:

After the reversal of the judgment there rendered as against Shull and Snell, the case went back for a new trial as to them, and the new trial resulted in a dismissal of the complaint as against them.

The action now before us was subsequently brought in March, 1901, and is against the said Shull and the executor of the deceased Snell only; the bank is not a party. Two causes of action are alleged. In the first it is claimed that the certificate was actually destroyed by Clarissa Cook during her lifetime and while it was her property, and that, therefore, the sureties Shull and Snell are no longer liable on the bond to the bank, and the condition upon which they were to repay the $4,000 and interest to the plaintiff has occurred. It also claims that the delivery of such $4,000 to said sureties was unlawful, and that they never obtained any right to retain the same.

The second cause of action claims that upon the plaintiff's agreement to abide by the judgment rendered on the second trial of the former action, and to deliver to the said sureties a bond of indemnity, by a surety company, against their liability to the bank, they promised and agreed to pay to this plaintiff, the $4,000 and interest in question; that such bond was tendered and that the defendants refused to receive the same or to pay the said money.

The trial court left to the jury two questions:

*First.* Was the certificate of deposit for $5,400 destroyed?

*Second.* Did Shull and Snell, in 1899, agree to accept a bond of a surety company and pay over the $4,000 and interest?

To each of such questions the jury answered yes. The court further instructed the jury that, if they found for the plaintiff upon these questions, they should find a general verdict for the plaintiff of $5,300.10. The jury found such a verdict, and judgment against the defendants was entered thereon for that amount and costs. From that judgment this appeal is taken.

As to the first cause of action, the issue tendered thereby is substantially the same as was tendered by the amended complaint in

the former action. In that action it was claimed that Clarissa Cook had not transferred the certificate in her lifetime and that, upon her death, upon diligent search it could not be found. From these facts, a judgment was asked determining that it had been destroyed by her in her lifetime. Also it was further averred that no one except the plaintiff had acquired, or could acquire, any right as against the bank upon such certificate; and judgment was asked that the bank, therefore, surrender up the bond upon which the defendants Shull and Snell were sureties and that they be adjudged to pay to the plaintiff the $4,000 and interest. Inasmuch as the bank was a party to that action, if the claim that the certificate had been destroyed by Clarissa Cook in her lifetime had been established, it would have been adjudged that the bank surrender up to the sureties the bond against them and that they, being thereby "relieved or discharged" therefrom, pay to the plaintiff, the $4,000 according to the written agreement set forth in the complaint. But the trial court then held that the fact of such destruction was not established, and upon that issue the plaintiff was defeated. The trial court, however, held that the plaintiff's other claim, that the sureties had unlawfully received the $4,000, was well taken, and on that ground held them liable, but dismissed the complaint as against the bank. The appeal being by the sureties and from so much of the judgment only as held them liable, when the case went back for a new trial it presented to the trial court the one question only whether the certificate had been destroyed by Clarissa Cook in her lifetime; and upon the second trial that issue was established in favor of the sureties, and judgment went against the plaintiff thereon, the same as it had already been rendered in favor of the bank. It seems very clear that the very fact upon which the plaintiff seeks to recover in this action to wit, that Clarissa Cook destroyed the certificate in her lifetime, was established against the plaintiff in that action. It is not averred in this action, nor claimed upon the trial, that there has been any destruction of the certificate since the former action was commenced. In both actions the claim was that Clarissa Cook herself destroyed it; and she died long before the former action was commenced. Beyond all doubt the very facts upon which the plaintiff relies to recover here were within the issue tendered and tried in that action, and, therefore, in my judgment

such former judgment is a flat bar to a recovery upon the first cause of action here.

Moreover, the liability of these sureties to return this $4,000 is measured by the contracts set forth in the complaint as Exhibits B and C. In those agreements, they promise to pay the $4,000 and interest at four per cent "whenever we shall be relieved or discharged from" the bond executed by them to said bank. It is conceded that such bond is still held by the bank, and I am unable to appreciate how a verdict in this action — in which the bank is not a party — can operate to "relieve or discharge" the sureties therefrom. Such a verdict has no force against the bank. It cannot thereby be compelled to surrender the bond nor release or discharge the sureties therefrom; and it seems to me that it is utterly insufficient to warrant a judgment that the $4,000 and interest has become due under their contract. In the absence of the bank as a party a determination cannot be reached by the court which will operate to relieve the sureties from liability on that bond.

As to the second cause of action, the jury were instructed that "If you find that there was an agreement to take the bond, and that it was tendered in good faith, and the defendant Shull and Mr. Snell agreed to accept that bond and pay the money with four per cent interest, you will find a verdict for the plaintiff" for that amount. And upon a verdict for that amount, judgment absolute for its recovery is rendered against the defendants. There was no tender of the bond upon the trial nor do I understand that it was in possession of the court to be delivered. The record does not disclose that the tender was kept good, and the respondent's counsel claims upon this argument that the plaintiff may recover the full sum of $4,000 and interest without now delivering the bond upon the theory that, the defendants having broken their contract to receive the bond and pay the money, the money may be recovered as damages for such a breach.

This $4,000 was in the defendants' custody as a security for any loss that might occur to them upon the bond they executed with the plaintiff to the bank. Concede that they agreed to give it up in exchange for an indemnity bond executed by a surety company, and that they broke that agreement when such bond was tendered to them. In an action to recover damages for such a breach, the

measure of damages would not exceed the expenses necessarily incurred in procuring and offering the bond; certainly it would not be the whole $4,000. To exact that would be to compel a specific performance of such contract on the defendants' part, and clearly that could not be done except upon a full performance by the plaintiff on his part, viz., upon his delivery of the bond. This cause of action seems to be one at law to recover damages for the breach of the contract alleged to have been made. It is not one in equity to compel a specific performance, neither is the judgment therein rendered upon that theory. In my opinion the measure of damages allowed for such a breach was clearly an erroneous one. For this reason the instructions to the jury, above cited, were erroneous, and the judgment rendered cannot be sustained.

For these reasons, without considering the other questions in the case, the judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.