### COOK v. CASLER et al.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. EXECUTORS—RIGHT TO ASSETS—RES JUDICATA.

    The committee of one insane, in order to draw a deposit of $5,400 which his non compos, while rational, had made in a bank, the certificate having been lost, gave a bond to indemnify the bank, drew the deposit, and gave to each of the two sureties on the bond $2,000 thereof, to hold until their liability was discharged. The non compos died, and her administrator demanded of the sureties the money held by them as assets of the estate. In a suit by the administrator against the sureties and the bank, plaintiff claimed that the non compos had destroyed the certificate; the court found against the plaintiff on such issue, and dismissed the suit as to the bank; but the sureties were held to have no right to the money, and they appealed. The judgment was reversed, and on a second trial plaintiff, on the issue of the destruction of the certificate, failed to recover against the sureties. *Held*, that in a subsequent suit against the sureties the question of destruction of the certificate was res adjudicata.

2. SAME—ACTION—RELEASE OF SURETIES.

    The committee of one insane, in order to draw a deposit of $5,400 which his non compos while rational had made in a bank, the certificate being negotiable and having been lost, gave a bond to indemnify the bank, drew the deposit, and gave to each of the two sureties $2,000 thereof to hold until their liability was discharged. *Held*, that no judgment against the sureties, in an action by the administrator of the non compos, the bank not being a party, could relieve them of liability on the bond given the bank.

3. SAME—AGREEMENT TO DELIVER PLEDGE—BREACH—DAMAGES.

    The sureties having agreed to surrender the money to the administrator, and take a bond in a surety company, and having broken their agreement, the measure of damages was not the amount held by them, but it would be no greater than the expenses necessarily incurred in procuring and offering the bond.

Appeal from trial term.

Action by Jacob C. Cook, as administrator of Clarissa Cook, deceased, against Sandy Casler, as executor of Joseph Snell, deceased, and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Benjamin F. Spraker, for appellant executor.

Andrew J. Nellis, for appellant Shull.

W. H. Van Steenburgh (Henry V. Borst, of counsel), for respondent.

PARKER, P. J. This claim has heretofore been before this court, and is reported in 35 App. Div. 121, 54 N. Y. Supp. 696. In addition to the facts therein stated, a further statement is required, as follows: After the reversal of the judgment there rendered as against Shull and Snell, the case went back for a new trial as to them, and the new trial resulted in a dismissal of the complaint as against them. The action now before us was subsequently brought in March, 1901, and is against the said Shull and the executor of the deceased Snell only,—the bank is not a party. Two causes of action are alleged. In the first it is claimed that the certificate was actually destroyed by Clarissa Cook during her lifetime, and while it was her property, and that therefore the sureties, Shull and Snell, are no longer liable on the bond to the bank, and the condition upon which they were to repay the $4,000 and interest to the plaintiff has occurred. It also claims that the delivery of such $4,000 to said sureties was unlawful, and that they never obtained any right to retain the same. The second cause of action claims that upon the plaintiff's agreement to abide by the judgment rendered on the second trial of the former action, and to deliver to the said sureties a bond of indemnity, by a surety company, against their liability to the bank, they promised and agreed to pay to this plaintiff the $4,000 and interest in question; that such bond was tendered, and that the defendants refused to receive the same or to pay the said money.

The trial court left to the jury two questions: First. Was the certificate of deposit for $5,400 destroyed? Second. Did Shull and Snell, in 1899, agree to accept a bond of a surety company, and pay over the $4,000 and interest? To each of such questions the jury answered, "Yes." The court further instructed the jury that, if they found for the plaintiff upon these questions, they should find a general verdict for the plaintiff of $5,300.10. The jury found such a verdict, and judgment against the defendants was entered thereon for that amount and costs. From that judgment this appeal is taken.

As to the first cause of action, the issue tendered thereby is substantially the same as was tendered by the amended complaint in the former action. In that action it was claimed that Clarissa Cook had not transferred the certificate in her lifetime, and that upon her death, upon diligent search, it could not be found. From these facts a judgment was asked determining that it had been destroyed by her in her lifetime. Also it was further averred that no one except the plaintiff had acquired, or could acquire, any right as against the bank upon such certificate; and judgment was asked that the bank, therefore, surrender up the bond upon which the defendants Shull and Snell were sureties, and that they be adjudged to pay to the plaintiff the $4,000 and interest. Inasmuch as the bank was a party

to that action, if the claim that the certificate had been destroyed by Clarissa Cook in her lifetime had been established it would have been adjudged that the bank surrender up to the sureties the bond against them, and that they, being thereby "relieved and discharged" therefrom, pay to the plaintiff the $4,000 according to the written agreements set forth in the complaint. But the trial court then held that the fact of such destruction was not established, and upon that issue the plaintiff was defeated. The trial court, however, held that the plaintiff's other claim, that the sureties had unlawfully received the $4,000, was well taken, and on that ground held them liable, but dismissed the complaint as against the bank. The appeal being by the sureties, and from so much of the judgment only as held them liable, when the case went back for a new trial it presented to the trial court the one question only,—whether the certificate had been destroyed by Clarissa Cook in her lifetime; and upon the second trial that issue was established in favor of the sureties, and judgment went against the plaintiff thereon, the same as it had already been rendered in favor of the bank. It seems very clear that the very fact upon which the plaintiff seeks to recover in this action, to wit, that Clarissa Cook destroyed the certificate in her lifetime, was established against the plaintiff in that action. It is not averred in this action, nor claimed upon the trial, that there has been any destruction of the certificate since the former action was commenced. In both actions the claim was that Clarissa Cook herself destroyed it, and she died long before the former action was commenced. Beyond all doubt the very facts upon which the plaintiff relies to recover here were within the issue tendered and tried in that action, and therefore, in my judgment, such former judgment is a flat bar to a recovery upon the first cause of action here.

Moreover, the liability of these sureties to return this $4,000 is measured by the contracts set forth in the complaint as Exhibits B and C. In those agreements they promise to pay the $4,000 and interest at 4 per cent., "whenever they shall be relieved or discharged from" the bond executed by them to said bank. It is conceded that such bond is still held by the bank, and I am unable to appreciate how a verdict in this action—in which the bank is not a party—can operate to "relieve or discharge" the sureties therefrom. Such a verdict has no force against the bank. It cannot thereby be compelled to surrender the bond nor release or discharge the sureties therefrom, and it seems to me that it is utterly insufficient to warrant a judgment that the $4,000 and interest has become due under their contract. In the absence of the bank as a party, a determination cannot be reached by the court which will operate to relieve the sureties from liability on that bond.

As to the second cause of action, the jury were instructed that "if you find that there was an agreement to take the bond, and that it was tendered in good faith, and the defendants Shull and Snell agreed to accept that bond and pay the money, with four per cent. interest," you must find a verdict for the plaintiff for that amount; and, upon a verdict for that amount, judgment absolute for its recovery is rendered against the defendants. There was no tender of the bond upon

the trial, nor do I understand that it was in possession of the court to be delivered. The record does not disclose that the tender was kept good, and the respondent's counsel claims upon this argument that the plaintiff may recover the full sum of $4,000 and interest without now delivering the bond, upon the theory that, the defendants having broken their contract to receive the bond and pay the money, the money may be recovered as damages for such a breach.

This $4,000 was in the defendants' custody as a security for any loss that might occur to them upon the bond they executed with the plaintiff to the bank. Concede that they agreed to give it up in exchange for an indemnity bond executed by a surety company, and that they broke that agreement when such bond was tendered to them. In an action to recover damages for such a breach, the measure of damages would not exceed the expenses necessarily incurred in procuring and offering the bond; certainly it would not be the whole $4,000. To exact that would be to compel a specific performance of such contract on the defendants' part, and clearly that could not be done except upon a full performance by the plaintiff on his part, viz., upon his delivery of the bond. This cause of action seems to be one at law to recover damages for the breach of the contract alleged to have been made. It is not one in equity to compel a specific performance, neither is the judgment therein rendered upon that theory. In my opinion, the measure of damages allowed for such a breach was clearly an erroneous one. For this reason the instructions to the jury, above cited, were erroneous, and the judgment rendered cannot be sustained.

For these reasons, without considering the other questions in the case, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.