## COOK v. CASLER et al.

(Supreme Court, Appellate Division, Third Department. September 9, 1903.)

**1. CONTRACTS—CONSIDERATION.**
　　A contract by which defendant agreed with plaintiff that, if plaintiff would procure and give to defendant a surety company bond, he would then pay a certain conditional obligation to plaintiff, was not supported by any consideration, plaintiff not agreeing to procure the bond. Per Parker, P. J., and Smith, J.

**2. SAME.**
　　Plaintiff's act in procuring the bond and tendering it to defendant, who refused to accept it, did not constitute a consideration for defendant's agreement to pay the obligation. Per Parker, P. J., and Smith, J.

**3. SAME—ENFORCEMENT IN EQUITY.**
　　Defendant agreed with plaintiff that, if he would procure and give to defendant a surety company bond in a specified sum to protect him against loss on his indemnity bond given to a bank, then he would pay two notes, in each of which he had agreed to pay to plaintiff a specified sum whenever discharged from his obligation on the bond signed as surety for plaintiff. The bank held the bond and plaintiff held the notes. *Held*, that defendant's agreement to pay the obligations without providing for the surrender to him of the outstanding notes and bond to the bank was not sufficiently fair and equal to be enforceable in equity. Per Parker, P. J., and Smith, J.

**4. JUDGMENT ON MERITS.**
　　A decision against plaintiff on the issue raised by defendant's answer, setting up a former judgment in bar, is a decision on the merits. Per Parker, P. J., and Smith, J.

**5. COSTS.**
　　Where the second cause of action was based on a contract claimed to have been made long after every fact set up as the first cause of action had occurred, and the relief sought on the second cause of action was different from that sought in the first cause of action, the court, on rendering judgment in favor of defendant on the first cause of action and for plaintiff on the second, could not, under Code Civ. Proc. § 3234, authoriz-

ing costs to each party recovering on one or more issues unless the issues are substantially the same, deny costs to defendant on the theory that the substantial cause of action was the same in each cause of action. Per Parker, P. J., and Smith, J.

Houghton, J., dissenting.

Appeal from Trial Term.

Action by Jacob C. Cook, as an administrator of Clarissa Cook, deceased, against Sandy Casler, as executor of Josiah Snell, deceased, and another. From the part of the judgment which dismisses without costs plaintiff's first cause of action, and which is in favor of plaintiff on his second cause of action, defendants appeal. Judgment on first cause of action modified by including therein taxable costs to defendants, and on second cause of action reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Andrew J. Nellis, for appellant Shull.

Benjamin F. Spraker, for appellant Casler.

W. H. Van Steenbergh and Henry V. Borst, for respondent.

PARKER, P. J. When this action was before us on a former appeal, we held that the cause of action first set forth in the complaint was barred by a prior judgment. As to the second cause of action therein, the judgment then before us was rendered as in a common-law action to recover damages for the breach of a contract, and we reversed it, and ordered a new trial, for the reason that the recovery of $4,000 and interest, permitted by the trial court, was based upon an improper measure of damages for such a breach. See 76 App. Div. 279, 78 N. Y. Supp. 661. Upon this second trial the complaint as to the first cause of action was dismissed. No error is now claimed by the plaintiff as to that decision. As to the second cause of action the plaintiff was allowed to treat it as an action to compel the defendants to specifically perform their contract, and the court has rendered a decision containing findings of fact and conclusions of law, upon which a judgment substantially to that effect has been entered. It is as to the correctness of that judgment that we are now called upon to decide.

The contract which the defendants are thus adjudged to specifically perform is found by the trial court to have been as follows:

"That about the month of January, 1899, the said Shull and Snell agreed with the plaintiff that, if the said plaintiff would procure and give to them a surety company bond in the sum of $10,000 in the form required by their counsel, Mr. Nellis, to protect them against loss on their said bond given to said bank, that then they would pay said $4,000 unpaid on their said obligations, with four per cent. interest."

It is clear that there is no mutuality in such agreement. The plaintiff does not agree to "procure and give" the bond. He makes no promise and assumes no obligation whatever. The defendants receive no consideration whatever for their promise, and hence it is a mere nudum pactum. Not even a mutual and concurrent promise on the plaintiff's part can be found upon which to sustain it.

It is a familiar principle of equity that an agreement will not be enforced unless it is founded upon a valuable consideration, and is

mutual in its obligation and in its remedy.  3 Pomeroy's Equity Juris-
prudence, § 1405; Woodward v. Harris, 2 Barb. 441, 442; Phillips
v. Berger, 8 Barb. 527; Wright v. Weeks, 3 Bosw. 372; Palmer v.
Gould, 144 N. Y. 671, 674, 39 N. E. 378.

It is claimed, however, by the plaintiff that although he was not at all
bound by the agreement so made, he did in fact fully perform on his
part, and that thereupon a valuable consideration for the defendants'
promise at once arose and the obligations became mutual.

What the plaintiff did towards performance on his part was that
something over two months after the agreement he tendered to the de-
fendants such a bond as was mentioned in the agreement, and demand-
ed that they pay over the $4,000 and interest.  The defendants refused
to accept the bond or to pay over the money.  In other words, they
claimed that, not being bound by their promise, they were under no
obligation to do so.  It seems very clear that they were not bound by
that promise, and I cannot see how a mere subsequent offer on the
plaintiff's part to do the thing which at the time of the contract he
would not undertake to do could make the defendants' promise a
binding one.  When the promisor allows the promisee to proceed,
and, upon the faith of such promise, do that which the promisor re-
quested him to do, it is equitable that he himself be held liable upon
his promise; but, when the promisee does no more than to renew
his request, the promisor is still at liberty to grant or refuse it as he
shall see fit, even though the promisee has by that time put himself
in a condition to do that which he then for the first time offers to do.
If the defendants had accepted the bond when the plaintiff tendered it,
then their liability to pay over the money would be clear.  Then the
plaintiff would have fully performed on his part.  He would have
"given" the defendants the bond.  But that the defendants were
obliged to accept that bond and pay over the money, merely because it
was then tendered to them, I cannot agree to.

There must have been not only a consideration, but an adequate
one, passing to them before they can be adjudged to accept the bond.
Am. & Eng. Ency. of Law, vol. 22, p. 1031, 1st Ed.  And, clearly, until
they have taken the bond and acquired the benefits flowing therefrom
they have received no consideration whatever.  They never made any
request that such a bond should be procured, and up to the time of its
tender to them no benefit or consideration of any kind had accrued to
them.  I am of the opinion that they were then under no obligations
to take it, and that no facts have been proven that authorized a judg-
ment compelling them to accept it.  And, clearly, if they were under
no obligation to take the bond, they were under none to pay over
the $4,000 to the plaintiff.

It is a further well-settled rule that to warrant the enforcement of a
contract in equity it "must be perfectly fair, equal, and just in its terms
and in its circumstances."  Pomeroy's Eq. Jurs., vol. 3, § 1405.

"Their said obligations," referred to in the agreement in question,
were two written notes, or promises, executed by the defendants to
the plaintiff, in each of which they agree to pay $2,000 and interest to
the plaintiff whenever they shall be "relieved or discharged" from their
obligation on a certain indemnity bond which they signed with the

plaintiff and as surety for him to the National Spraker Bank. That indemnity bond is still held against them by the bank, and the notes which they executed to the plaintiff are still held by him. No offer was made for their surrender upon the trial, and no provision to that effect is made in the judgment. The answer to this objection by the plaintiff's counsel is that no such agreement was made in the contract. That is true, and it seems to me that in that respect the contract is neither "fair nor equal." The defendants should not be obliged to pay those outstanding obligations before, by their terms, they are due, and yet the plaintiff be allowed to retain them. A fair and just contract would have provided that they be given up to the defendants, and probably the defendants would have insisted upon that provision if they had accepted the bond, or had supposed they were entering into any contract which the plaintiff intended to perform.

The so-called contract seems to be no more than an inquiry on the plaintiff's part as to whether if he would give the defendants a surety company bond in place of the money which they then held as security the defendants would give up the money and take the bond in lieu thereof. The defendants answer, "Yes." The plaintiff assumes nothing. No other or further terms are made, either as to when the bond must be given or as to any matters which were obviously necessary to protect the defendants should such an exchange be made. Two months or more afterwards, when the plaintiff says he will give such a bond and is ready to do it, the defendants decline to take it. Many things might have occurred in the meantime to prevent them, and clearly they had never made any contract that obligated them to accept it.

Although the trial court has found the contract as above stated, I am not at all satisfied that the evidence sustains even that, yet, conceding that it does, I am of the opinion that such a promise should not be enforced, and that the judgment appealed from should be reversed.

The defendants further claim that the judgment appealed from, in so far as it denies them costs against the plaintiff upon the dismissal of the first cause of action in the complaint, is erroneous, and should be modified in that respect. The trial court denied such costs upon the theory that the "substantial cause of action was the same in each," and gave the certificate required by section 3234 of the Code. The court directed a "judgment of nonsuit upon the merits" as to the first cause of action. The answer to this cause of action set up a former judgment in bar, and the decision was against the plaintiff on that issue. It was therefore a decision on the merits. Deeley v. Heintz, 169 N. Y. 129, 62 N. E. 158.

I am of the opinion that the trial judge erred in holding that the two causes of action are substantially the same. The second one is based upon a contract claimed to have been made long after every fact set up as the first cause of action had occurred. The relief sought, as the pleading was construed upon this trial, is entirely different, and I think the certificate should not have been granted. But for that certificate judgment for costs would have gone against the plaintiff, and in the defendants' favor, and should have been included in the final judgment from which this appeal is taken. As the granting of such a

certificate was error, the judgment should be modified by including therein the costs properly taxable to the defendants upon such first cause of action, and as so modified should be affirmed so far as it applies to the first cause of action. So far as it applies to the second cause of action it is affirmed on the facts and reversed on the law, and a new trial granted, with costs of this appeal to the defendants to abide the event.

SMITH, J., concurs. CHASE and CHESTER, JJ., concur in result. HOUGHTON, J., dissents.