George W. Smiley, Respondent, *v.* Horace B. Fry, Survivor, etc., Appellant.

A firm, of which defendant is the surviving partner, in May, 1864, executed and delivered to plaintiff's assignor, upon receipt of the sum specified therein, an instrument, the body of which is as follows : "Due S. K. Ashton, M. D., Trustee, $4,000, returnable on demand. It is understood that this sum is specially deposited with us and is distinct from the other transactions with said Ashton." In an action upon the same wherein the statute of limitations was set up as a defense, *held* that it was in the nature of a certificate of deposit, not a promissory note; that no cause of action arose thereon until a demand was made for the sum deposited; and, as the jury found from evidence justifying the finding that no demand was made until 1880, that the action was not barred by the statute.

(Argued October 15, 1885 ; decided October 30, 1885.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order affirming a judgment in favor of plaintiff, entered upon a verdict and affirming an order denying a motion for a new trial. (Reported below, 17 J. & S. 134.)

This action was brought among other things upon an instrument in writing executed by a firm, of whom defendant is the surviving partner, and delivered to S. K. Ashton, plaintiff's assignor, at the time of the delivery to said firm of the amount of money stated therein.

"$4,000.　　　　　　Office of J. R. & H. B. Fry,
　　　　　　　　　　134 South Third Street,
　　　　　　　　　　Philadelphia, *May* 21, 1864.

"Due S. K. Ashton, M. D., Trustee, Four Thousand Dollars, returnable on demand. It is understood this sum is especially deposited with us, and is distinct from the other transactions with said Ashton.

　　　　　　　　　　　　　　"J. R. & H. B. Fry."

Among other defenses defendant pleaded the statute of limitations.

Further facts appear in the opinion.

*G. W. Cotterill* for appellant. The instrument in suit has all the attributes of a promissory note. (Chitty on Bills [12th. Am. ed.] 150, note 3, 152; *Wheeler* v. *Warner,* 47 N. Y. 520; *Appeal of Andress' Executors,* 99 Penn. St. 421; *Kilgore* v. *Bulkley,* 14 Conn. 363; *Bank of Orleans* v. *Merrill,* 2 Hill, 295; *Sibra* v. *Tripp,* 15 Mees. & Wels. 23; *Kimball* v. *Huntington,* 10 Wend. 675; *McMullen* v. *Rafferty,* 89 N. Y. 459.) It was barred by the statute of limitations. (*Wheeler* v. *Warner,* 47 N. Y. 520; Angell on Limitations, 93; *Laforge* v. *Jayne,* 9 Penn. St. 410; *Appeal of Andress' Ex'rs,* 99 id. 421; *Fell's Point Sav. Bk.* v. *Weedon,* 18 Md. 320; *Bellows' Falls Bk.* v. *Rutland Co. Bk.,* 40 Vt. 377; *Munger* v. *Albany City Bk,* 85 N. Y. 586.) Under the circumstances of this case the demand for the deposit should have been made within the six years, and the action should have been brought within six years from that time. (*Coleman* v. *Roders,* 10 Pick. 118; *Laforge* v. *Jayne,* 9 Penn. St. 410.) The assertion of a hostile claim, or the existence of any facts which indicate to the depositor that the claim will not be paid, sets the statute in motion. (*Boughton* v. *Flint,* 74 N. Y. 482; *Watson* v. *Phœnix Bk.,* 8 Metc. 217; *Stanford* v. *Tuttle,* 4 Vt. 82; *Collard* v. *Tuttle,* id. 491.) The demand must be made in a reasonable time, or at least during the limitation ordinarily prescribed by statute. (*Morrison* v. *Mullen,* 34 Penn. St. 12; *Laforge* v. *Jayne,* 9 id. 410.) Where there is no conflict of evidence the question whether it is sufficient to support the verdict is one of law, and the point can be raised on a motion for a new trial although not mentioned on the trial. (*Shearman* v. *Henderson,* 42 How. 399; *Halpin* v. *Third Ave. R. R. Co.,* 40 N. Y. Supr. 175; Bliss' Code, 817.) The question as to whether or not the transaction was a mere deposit should have been left to the jury. (*De Lavallette* v. *Wendt,* 75 N. Y. 479; *Hotchkiss* v. *Mosher,* 48 N. Y. 478.)

*George H. Adams* for respondent. The transaction evidenced by the certificate was a deposit. (*Payne* v. *Gardner,* 29 N. Y. 146, 167.) No cause of action accrued until an

actual demand and, therefore, the statute did not run until after demand. (*Howell* v. *Adams*, 68 N. Y. 314; *Boughton* v. *Flint*, 74 id. 482; *Munger* v. *Albany Bk.*, 85 id. 580; *Bank of B. N. A.* v. *Merchants' Bk.*, 91 id. 106.) The survivor and the representatives of the estate of the deceased partner are not jointly obligated on this certificate, and, therefore, a demand on the representatives of J. R. Fry is not even a constructive demand on this defendant. (*Lawrence* v. *Trustees, etc.*, 2 Den. 577; *Troy I. & N. Factory* v. *Winslow*, 11 Blatchf. 513; *Bloodgood* v. *Bruen*, 8 N. Y. 362; *Jessop* v. *Miller*, 1 Keyes, 321.)

MILLER, J. The instrument upon which the recovery in this action is founded was in the nature of a certificate of deposit, and not a promissory note. It was evidently intended as a statement of the contract under which the makers received and held money which had been deposited by the payee with them.

The nature of the transaction must be determined by the construction to be placed upon the instrument itself. It declares that the sum named therein is due on demand, and that it is a special deposit distinct from other transactions with the payee. The language employed in no way indicates that the money was a loan and intended to be regarded as such. It provided that it was specially deposited, and was only to be repaid when it was demanded. The words used are clear and explicit, and negative the idea that the money was to be regarded otherwise than as a special deposit independent of any other transaction between the parties, and only to be returned when an actual demand was made for the same. The word "due" does not import an obligation or promise which can be enforced without a demand, for it is expressly limited to the time when demanded. It is, therefore, only due when demanded. This portion of the instrument is qualified by the subsequent provision that the money is "especially deposited." The whole taken together establishes the special deposit as a separate transaction which is to become due, or to be paid

when demanded, and no sooner. It in no way partakes of the character of a promissory note where there is an express agreement to pay without any qualification or restriction. None of the authorities cited by the appellant's counsel uphold the rule that an instrument of the character of the one under consideration is a promissory note, and not a certificate of deposit merely. Being a deposit a demand of the money was essential to a right of action, unless there was a wrongful conversion or loss by some gross negligence on the part of the depositary. The distinction between a deposit and a loan is considered in *Payne* v. *Gardiner* (29 N. Y. 146), and within the rule there laid down the instrument in question was a certificate of deposit, and, in such a case, no indebtedness arose by reason of such deposit until a demand was made for the amount deposited. (See, also, *Howell* v. *Adams*, 68 N. Y. 314; *Boughton* v. *Flint*, 74 id. 476.)

As the instrument in question was not a promissory note but a certificate of deposit, the defense of the statute of limitations, interposed by the defendant, was not available for the reason that a demand of the money deposited was not made prior to six years before the commencement of the action. The plaintiff proved on the trial that a demand was made some time in the year 1880, and claims that this was the only demand ever made of the amount named in the certificate. It is not denied that a demand was made at that time, but the defendant sought to establish a constructive demand by proof showing an action brought by Ashton, the payee, in 1870, in Philadelphia. The proof showed that that action was brought against the executrix of J. R. Fry, and that, although this defendant, H. B. Fry, was named as defendant therein, he was never served with process. There is no direct proof that the $4,000 was included in that suit. There is evidence of a letter of Ashton, which, it is claimed, shows that the $4,000 was included in that action, and of a conversation of Ashton with the defendant in which he told him he had brought suit against the executrix, but that he, defendant, had not been served. There is also some other testimony, but the most that can be

claimed is that the evidence was conflicting on the subject. As the jury have passed upon the question adversely to the defendant, there is no ground for urging that any demand was made prior to 1880. This question, however, has been sufficiently discussed in the opinion of the general term and requires no further comment.

The assignment to the plaintiff by Ashton transferred all his interest, and this included his right as trustee to the instrument in suit.

No other question demands discussion.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.