CHARLES S. MURPHY, Respondent, *v.* WILLIAM C. JACK et al., Appellants.

While it is not necessary to the validity of an attachment that the affiant, upon whose affidavit the writ is applied for, should have personal knowledge of the facts required to be stated, and the same may be stated on information and belief, it is essential that his information should appear to have been competently derived. The sources of the information must be disclosed in such a way as to enable the court to decide upon the probable truth of the statements and the authenticity of the jurisdictional facts.

An attachment was granted upon an affidavit of plaintiff's attorney; the averments therein were stated to be upon information and belief, the information and grounds of belief being statements of plaintiff, who was in Boston, and his counsel residing there, who (as the affidavit stated) "have both talked to deponent this morning over the telephone from Boston." It was not stated and did not appear that the affiant was acquainted with plaintiff and recognized his voice, or in any other way knew it was the plaintiff who was talking to him. *Held*, that the affidavit was insufficient; that while the necessary information may be communicated by telephone it must appear that the affiant knew the person so communicating with him and recognized the voice, or in some way such person must be identified.

(Argued April 9, 1894 ; decided April 17, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made February 16, 1894, which reversed an order of Special Term vacating an attachment and reinstating the same.

This action was brought to recover for goods sold and delivered by plaintiff to defendants. The complaint was on information and belief and was verified by one of the plaintiff's attorneys; who, in the verification, stated the reason for his making it to be the absence of the plaintiff in Massachusetts and that his belief was based upon the statements made to him by the plaintiff and by his Boston·attorney. Accompanying the complaint, and sworn to upon the same day, was an affidavit by the same attorney; in which he stated that, as he was informed and believed, the plaintiff was entitled to recover the sum claimed as damages for the breach of an

express contract, over and above all counterclaims known to the plaintiff, upon a cause of action existing in his favor against the said defendants, upon the facts set out in the annexed complaint and that, as deponent was informed and believed, the said defendants are not residents of the state of New York, but that both reside at Gardiner, in the state of Maine. The affidavit then proceeds to state that the " deponent's belief as to the facts above stated " is based upon statements of the plaintiff and the plaintiff's Boston attorney ; " who have both talked to deponent this morning over the telephone from Boston " and that " they narrated the facts to deponent exactly as they have been set forth in the complaint, etc." The affiant asked for an attachment, " without waiting for affidavits to be obtained from Boston ;" upon the ground that the property was " likely to be removed." A warrant of attachment having been issued upon the complaint and affidavit, an application to vacate it was granted. Upon appeal to the General Term, the order vacating the attachment was reversed and the attachment reinstated. The defendants now appeal to this court.

*William S. Maddox* for appellants. The order is appealable. (*Allen* v. *Meyer*, 73 N. Y. 1 ; *S. C. Bank* v. *Alberger*, 78 id. 252–258 ; *Ruppert* v. *Haug*, 87 id. 144.) There is no proof of facts upon which an attachment may be granted. (Code Civ. Pro. §§ 635, 636 ; *Ruppert* v. *Haug*, 87 N. Y. 141 ; *K. S. B. Co.* v. *Inman*, 53 Hun, 39 ; *M., etc., R. Co.* v. *Heidenheimer*, 82 Tex. 195 ; *Wolfe* v. *M., etc., R. Co.*, 97 Mo. 473.) The case is one in which original evidence might and should have been obtained. (*Yates* v. *North*, 44 N. Y. 271 ; *Bennett* v. *Edwards*, 27 Hun, 352 ; *Whitney* v. *Hirsch*, 39 id. 325 ; *James* v. *Richardson*, Id. 399 ; Code Civ. Pro. § 844.)

*Edward B. Hill* for respondent. The order is not appealable. (*Liddel* v. *Paton*, 69 N. Y. 393 ; *Sartwell* v. *Field*, 68 id. 341 ; *Allen* v. *Meyer*, 73 id. 1 ; *Whittaker* v. *I. S. M. Co.*,

78 id. 621; *Buell* v. *Van Camp*, 119 id. 160.)  The affidavit is sufficient.  (*James* v. *Richardson*, 39 Hun, 399; *Lawton* v. *Reil*, 34 How. Pr. 465.)

GRAY, J.  If the affidavit was insufficient, upon which this attachment was ordered, a question of law is presented and the order of the General Term is undoubtedly reviewable here.  (*Allen* v. *Meyer*, 73 N. Y. 1; *Steuben County Bank* v. *Alberger*, 78 id. 252.)  In this case, the writ was applied for upon statements made upon the information and belief of the deponent and the question is whether the information, concerning the material facts, appeared to have been acquired in such a manner as to justify the judge in acting upon it. Was the source of the information such as the judge could accept as satisfactory?  The affiant, in such cases, is not required to have a personal knowledge of the facts required to be stated; but it is essential that his information must appear to have been competently derived; as otherwise the judicial officer, whose action has been invoked, is without jurisdiction to proceed.  It is clear that the attorney in this case obtained his information by a communication made through the telephone upon the morning of the day upon which the complaint and affidavit were sworn to, and that his belief was based upon it, in making his statements concerning the facts constituting the cause of action, the absence of counterclaims, and the non-residence of the defendants.  Those were the material facts required to be proved to the satisfaction of the judge and we do not think that the proof as to the source of the information concerning them was sufficient; for the reason that there was lacking any degree of certainty that the plaintiff himself ever made the communication to the affiant.  There would be no objection to the information having been conveyed through the medium of the telephone, if it had been made to appear that the affiant was acquainted with the plaintiff and recognized his voice; or if it had appeared, in some satisfactory way, that he knew it was the plaintiff, who was speaking with him.  None of these facts, however,

were averred. There was absolutely nothing, upon which the judge could pass, to show that it was the plaintiff who was speaking and not some undisclosed person, who, in the plaintiff's name, furnished to the attorney the information made use of. The perfection, to which the invention of the telephone has been brought, has immensely facilitated the inter-communication of individuals at distant points and, inasmuch as the voice of the speaker is heard, in most, if not in all, cases, the identification of the speaker should be possible. The very facility of communication and of identification permits, and, therefore, imposes a duty upon, the party, who invokes judicial action upon the strength of information so received, to state his knowledge, or his grounds for believing, that it actually came from the party required to furnish it. To authorize an attachment to issue, upon the affidavit furnished here, was in disregard of the rule which requires that the source of information shall be disclosed in such a way as to enable the court to decide upon the probable truth of the statements and the authenticity of the jurisdictional facts. Judicial action upon such a source of information, as was here disclosed, was justified, below, by analogy with telegraphic communication. The analogy is incomplete. If the information comes through the telephone, it is quite possible to identify the speaker. Then, too, there is not, in the case of a telephonic communication, any record; like the message, which, in the case of the use of the telegraph, remains for reference and verification.

For these reasons, as well as for those stated in the opinion of Mr. Justice BARRETT, at Special Term, and of Mr. Justice VAN BRUNT, dissenting at the General Term, the order of the General Term should be reversed and that of the Special Term should be affirmed, with costs in all the courts.

All concur.

Ordered accordingly.