(39 App. Div. 506.)

## HAWKINS v. PAKAS.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. ATTACHMENT—APPLICATION FOR WARRANT—AVERMENT.

It need not be averred, on an application for an attachment in an action between individuals, that plaintiff is a resident of the state.

2. SAME—ASSIGNED CLAIM—EVIDENCE OF OWNERSHIP—SUFFICIENCY.

Where a complaint alleges that one doing business under a company name assigned his individual claim for goods sold and delivered by an instrument executed by him as trustee of the company, it sufficiently shows that the assignee is the owner thereof, so far as that is essential to a warrant of attachment in an action thereon.

3. SAME—AFFIDAVIT ON INFORMATION AND BELIEF—SUFFICIENCY.

An affidavit by plaintiff for a warrant of attachment, in an action on an assigned claim, as to the cause of action, was based on information and belief derived from a statement by his assignor in the nature of a deposition, authenticated by a notary public in Massachusetts, but which could not be used as an affidavit in the courts of this state. *Held*, that the information and belief were competently derived.

Appeal from special term, New York county.

Attachment by William K. Hawkins against Solomon L. Pakas. From an order granting the motion to vacate the attachment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

O. Powell, for appellant.

M. D. Steuer, for respondent.

PATTERSON, J. This is an appeal from an order vacating an attachment upon the papers on which it was granted. The decision below was made upon the assumption that a jurisdictional fact was not disclosed on the application for the warrant, in that there was no averment in the papers that the plaintiff was a resident of the state of New York. As this is an action between individuals, such an averment was not necessary. The cases cited by the learned justice below were actions against foreign corporations. As the jurisdiction over such corporations is limited, it has been held that, to authorize attachments against them, the jurisdictional facts must be disclosed.

But the order appealed from is sought to be supported on other grounds, one of which is that it was not made to appear that the plaintiff was the owner of the claim sued upon. The plaintiff is the assignee of that claim. A written instrument of assignment was among the papers on which the warrant was issued, and that instrument is executed by Henry H. Bowman, trustee of the Overman Wheel Company. It is true that an instrument so signed would not be sufficient evidence of an assignment made by a corporation, but the claim assigned was an individual claim of Bowman. The allegation of the complaint is that one Henry H. Bowman, "doing business as the Overman Wheel Company," etc., sold and delivered to the defendant the goods for the value of which the action was brought, and the assignment was a transfer, therefore, of that claim, the origin of which is set out in the complaint.

It is also urged that there was not sufficient proof before the justice of essential facts to authorize him to grant the warrant. The affidavit upon which that warrant was granted was made by the plaintiff, and, as to the existence of the cause of action, the averments are upon information and belief. The affiant states as follows:

"The sources of affiant's information and belief are a copy of the account, and the assignment and affidavit of Henry H. Bowman, hereto attached and made a part hereof."

The paper referred to is an assignment of the claim, but in it there is also matter deposed to, intended to be in the nature of a deposition, the whole being authenticated by a notary public of Hampden county in the commonwealth of Massachusetts. The deposition is not signed by the deponent, but that is immaterial, because the document could not be used at all in the courts of this state as an affidavit. Turtle v. Turtle, 31 App. Div. 49, 52 N. Y. Supp. 857. Notwithstanding its insufficiency as an affidavit, it was properly before the court as the source from which the plaintiff derived his information and belief. It is not necessary to the validity of an attachment that the individual upon whose affidavit the application for the warrant is made shall personally know all the facts required to be stated. He may state them on information and belief, but that information and belief must be competently derived. Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882. The contents of the instrument which the plaintiff annexed to his affidavit satisfied the court that his statements concerning the facts which constituted the cause of action were based upon information he had a right to consider well founded, and which was sufficient to enable the court to pass upon the probable truth of such statements and the authenticity of the facts.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs. All concur.