The judgment of conviction and sentence should be reversed and a new trial ordered.

PARKER, Ch. J., HAIGHT, MARTIN, VANN and CULLEN, JJ., concur; BARTLETT, J., not sitting.

Judgment of conviction reversed, etc.

---

OCTAVIUS O. COTTLE et al., as Executors of JOHN J. P. READ, Deceased, Appellants, *v.* THE MARINE BANK OF BUFFALO, Respondent.

CERTIFICATE OF DEPOSIT — DEMAND OF PAYMENT AND PRODUCTION OF CERTIFICATE NECESSARY BEFORE ACTION UPON IT.  A depositor who has received from a bank a certificate of deposit payable " to his order hereon," who, owing to the fact that the certificate is in the hands of a third party, cannot make a proper demand by producing and offering to surrender the certificate properly indorsed before the commencement of an action upon it against the maker, cannot recover.

*Cottle* v. *Marine Bank*, 28 App. Div. 623, affirmed.

(Argued January 14, 1901; decided February 26, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 15, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The original plaintiff, John J. P. Read, since deceased, brought this action to recover the amount of two deposits of money made by him with the defendant, for which, upon the first deposit, the defendant gave to him a certificate in these words :

" STATE OF NEW YORK, }
     MARINE BANK.      }                        $1,255
                            " BUFFALO, *Nov.* 12, 1881.

" J. J. P. Read has deposited in this bank twelve hundred and fifty-five dollars to the order of himself and payable to his order hereon with interest at four per cent per annum.

                                   " W. K. ALLEN, *Cashier.*
                                        6,037."

And, upon the second deposit, the following:

" STATE OF NEW YORK, }
         MARINE BANK.     }                    $1,000

                              " BUFFALO, *June 1st*, 1883.  .

" John J. P. Read has deposited in this bank one thousand
dollars to the credit of himself and payable to his order hereon,·
with interest at three per cent per annum.

                         " W. K. ALLEN, *Cashier.*
                              " No. 6,165."

The answer alleged that the certificates had never been pre-
sented to the defendant for payment, and also that they were
held by George, W. Rockwell, as executor of Elizabeth Rock-
well, and that he claimed to own them as such, and had for-·
bidden payment thereof to the plaintiff..

Read, the depositor, resided with his sister, Mrs. Rockwell,
at the time of each deposit, and until June 26, 1886, when she
changed her place of residence and took with her the certifi-
cates.    Read commenced an action against her for the recov-
ery of the certificates, which action was pending at her death,
January 7, 1887, and is still pending.    Read procured an
order from the court requiring Mrs. Rockwell to produce the
certificates before a referee.    This she did, and Read then
inspected and took copies of them.

Mrs. Rockwell retained possession of the certificates until her
death, when they came into the possession of George W. Rock-
well, who claimed to hold the same as the executor of her last
will and testament.    While said George W. Rockwell had
the possession of the certificates, claiming thus to hold them,
Read, the depositor and original plaintiff, demanded of the
defendant payment of the same, but he did not produce them
to the defendant, nor have the possession of them, and the
defendant refused payment.    George W. Rockwell soon after
presented the certificates to the defendant and forbade pay-
ment of the same to Read.    The certificates have not been
lost and remain unpaid.    The trial court found the above facts
and held that Read did not make the proper demand of the

defendant, in that he did not and could not produce and offer
to surrender to it the certificates properly indorsed, and directed
judgment for the defendant.

*Edmund P. Cottle* for appellants.    On proof of the deposits,
demand thereof, and non-payment, and a surrender of the cer-
tificates on the trial, the plaintiffs were entitled to recover.
(*Read* v. *Brayton,* 143 N. Y. 342 ; *Read* v. *Marine Bank,*
17 N. Y. Supp. 326; *Read* v. *Bank of Attica,* 55 Hun,
154; 124 N. Y. 671 ; *Read* v. *Marine Bank,* 136 N. Y.
454; 3 Rand. on Com. Paper, § 1071 ; *Hunt* v. *Divine,*
37 Ill. 137 ; *Beardsley* v. *Webber,* 104 Mich. 88 ; *Bank*
v. *Bank,* 34 Neb. 78 ; *Baker* v. *Leland,* 9 App. Div. 367.)
The demand of June 4, 1887, was sufficient. The bring-
ing of the action was also a sufficient demand. (*Sickles*
v. *Herold,* 149 N. Y. 332 ; *Locklin* v. *Moore,* 57 N. Y. 360 ;
3 Rand. on Com. Paper, § 1071 ; *Hunt* v. *Divine,* 37 Ill. 138 ;
*Beardsley* v. *Webber,* 104 Mich. 88 ; *Baker* v. *Leland,* 9 App.
Div. 367 ; *Haxtun* v. *Bishop,* 3 Wend. 21 ; *Hills* v. *Place,*
48 N. Y. 520 ; *Wolcott* v. *Van Santvoord,* 17 Johns. 253 ;
*Bank* v. *Bank,* 34 Neb. 78.)    Having denied the plaintiff's
title and defended on the strength of a third person's title, the
defendant waived the objection that the certificates were not
presented, if presentation were necessary. (*Carroll* v. *Cone,*
40 Barb. 220.)    In an action against the maker, or debtor, the
only penalty for not making a demand is the loss of interest
and costs, if the debtor was ready to pay, pleads that fact, and
brings the money into court. (*Budweiser Brewing Co.* v.
*Capparelli,* 16 Misc. Rep. 502; *Beardsley* v. *Webber,* 104
Mich. 88 ; *Hills* v. *Place,* 48 N. Y. 520; *Wamsley* v. *Dar-
ragh,* 14 Misc. Rep. 566; Code Civ. Pro. §§ 732, 743, 820.)
Presentment is only necessary to charge indorsers, drawers
and the like; as to the maker, it is not a condition precedent
to a cause of action. (3 Rand. on Com. Paper, § 1071 ; *Hills*
v. *Place,* 48 N. Y. 520.)    It was not necessary to present the
certificate for payment; surrender on the trial was sufficient.
(*Read* v. *Brayton,* 143 N. Y. 342 ; *Read* v. *Marine Bank,*

136 N. Y. 454; *Read* v. *Bank of Attica*, 55 Hun, 154; *Baker* v. *Leland*, 9 App. Div. 367; *Hunt* v. *Divine*, 37 Ill. 138; *Pelham* v. *Adams*, 17 Barb. 385; *Hotchkiss* v. *Mosher*, 48 N. Y. 479; 1 Rand. on Com. Paper, § 11; *Laughlin* v. *Marshall*, 19 Ill. 390; *Beardsley* v. *Webber*, 104 Mich. 88.) The legal presumption is, where a certificate of deposit payable to order is found, without indorsement, in the hands of a stranger, that such paper has been lost, stolen or otherwise improperly put into circulation. (*McCarville* v. *Lynch*, 14 Misc. Rep. 174; *Porter* v. *Cushman*, 19 Ill. 575; *Hughes* v. *U. Pipe Lines*, 119 N. Y. 423; *Davies* v. *Lane*, 8 N. H. 224; *Magee* v. *Scott*, 9 Cush. 148; *Dorn* v. *Parsons*, 56 Mo. 601.) If the defendant was unwilling to pay the depositor on demand, it should have moved to interplead the alleged claimant and have paid the money into court. (*Hills* v. *Place*, 48 N. Y. 520; Code Civ. Pro. §§ 743, 820; *Equity G. L. Co.* v. *McKeige*, 139 N. Y. 239; *Read* v. *Brayton*, 143 N. Y. 343; *Lund* v. *Seamen's Bank*, 37 Barb. 129.)

*William Burnet Wright, Jr.*, for respondent. The certificates issued by the respondent to appellants' testator, Mr. Read, were not promissory notes, but certificates of deposit. (*Read* v. *Marine Bank*, 136 N. Y. 454; *Pardee* v. *Fish*, 60 N. Y. 265.) A deposit or certificate of deposit is not due until a proper demand for its payment has been made. (*Payne* v. *Gardiner*, 29 N. Y. 146; *Downes* v. *Phœnix Bank*, 6 Hill, 297; *Pardee* v. *Fish*, 60 N. Y. 265; *Howell* v. *Adams*, 68 N. Y. 314; *Boughton* v. *Flint*, 74 N. Y. 476; *Munger* v. *A. C. Nat. Bank*, 85 N. Y. 581; *Smiley* v. *Fry*, 100 N. Y. 262; *Sheldon* v. *Heaton*, 88 Hun, 535; *Dorman* v. *Gannon*, 4 App. Div. 458; *Baker* v. *Leland*, 9 App. Div. 365.) A proper demand of payment of the deposits for which the certificates were issued to the appellants' testator, Mr. Read, was never made upon the respondent. (Story on Prom. Notes, § 107; Edwards on Bills & Notes, § 691; Daniel on Neg. Inst. § 654; *Wilder* v. *Seelye*, 8 Barb. 408; *Bank of Vergennes* v. *Cameron*, 7 Barb. 143; Morse on Banks &

Banking, § 298; *Etheridge* v. *Ladd*, 44 Barb. 69; *Crandall* v. *Schroeppel*, 1 Hun, 557; *Parker* v. *Stroud*, 98 N. Y. 379; *Freeman* v. *Boynton*, 7 Mass. 483; *Hansard* v. *Robinson*, 7 B. & C. 90.) The production of the certificates of deposit by Mr. Read on this second trial does not supply his failure to properly demand payment of the deposits before the commencement of this action. (*Wisner* v. *Ocumpaugh*, 71 N. Y. 113; *Dean* v. *Met. El. Ry. Co.*, 119 N. Y. 540.) The respondent was under no obligation to interplead any person in this action. (*Read* v. *Marine Bank*, 136 N. Y. 454.)

Landon, J.   The trial court did not find that Read, the original plaintiff, did produce the certificates upon the trial and offer to surrender them, properly indorsed, to the defendant, to be canceled.   There is a statement to that effect contained in the proceedings upon the trial as stated in the case. But the findings show that the plaintiff's sister, Mrs. Rockwell, before this action was commenced, had taken possession of the certificates; that Read had commenced an action against her to recover possession of them; that that action was pending when this action was commenced; and that Read had obtained in that action copies of the certificates, but not the certificates themselves.

The case contains evidence tending to show, apart from the findings, that upon a former trial of this action Mr. Rockwell, having produced the certificates under a subpœna, the court directed their deposit with the clerk of the court, and that Read in a subsequent action against the clerk, to which Mr. Rockwell was not a party, recovered possession of them, and thus was able to produce them upon this trial. (See *Read* v. *Brayton*, 143 N. Y. 342.) Thus the disputed title to the certificates between Read and his sister remains undetermined. We held upon the former appeal in this case that the risk of determining that title could not in this action be cast upon the defendant. (136 N. Y. 454.) These facts account for the absence of any finding by the trial court of

the production of the certificates by the original plaintiff upon this trial, and his offer to indorse and surrender them to the defendant.

We cannot in view of the unanimous affirmance by the Appellant Division supply this finding — certainly not for the purpose of a reversal; but if we could do so, it is by no means clear under the facts stated that we ought to do it.

The judgment, therefore, should be affirmed upon the rule which we stated upon the former appeal in 136 N. Y. 454, in which the court, speaking by MAYNARD, J., said: "Construing the defendant's contract according to the rules of commercial law, it was not bound to pay the deposit except upon the production and surrender of the certificates properly endorsed." Thus the case of the plaintiffs fails, because their testator neither made the proper demand before he commenced his action, nor has been able to procure a finding that he made a proper surrender of the certificates upon the trial.

That a certificate of deposit is not due until actual demand has long been settled in this state. (*Downes* v. *Phœnix Bank,* 6 Hill, 297; *Payne* v. *Gardiner,* 29 N. Y. 146; *Pardee* v. *Fish,* 60 N. Y. 265; *Howell* v. *Adams,* 68 N. Y. 314; *Boughton* v. *Flint,* 74 N. Y. 476; *Munger* v. *Albany City National Bank,* 85 N. Y. 581; *Smiley* v. *Fry,* 100 N. Y. 262.)

The plaintiffs insist that the commencement of the action was a sufficient demand. As between maker and holder a promissory note payable upon demand is due forthwith (*Wheeler* v. *Warner,* 47 N. Y. 519; *McMullen* v. *Rafferty,* 89 N. Y. 457; *DeLavallette* v. *Wendt,* 75 N. Y. 579), and, therefore, a demand with tender of the note to the maker is not a condition precedent to the maturity of the cause of action. The note may be surrendered upon the trial.

But in this case the paper requires payment upon a specified condition, namely, "to his (the depositor's) order hereon," and the demand must correspond with the obligation of payment, and that requires the presentation of the certificate to the bank, properly indorsed, unless the bank should waive the

indorsement. The action is at law, and the right of recovery had not accrued when it was commenced.

The judgment should be affirmed, with costs.

PARKER, Ch. J., HAIGHT, MARTIN, VANN and CULLEN, JJ., concur; BARTLETT, J., not sitting.

Judgment affirmed: