(38 Misc. Rep. 8.)

### MALLON v. ROTHSCHILD.

(Supreme Court, Special Term, New York County. May, 1902.)

1. ATTACHMENT—AFFIDAVIT—NONRESIDENCE.

   An affidavit in attachment that defendant 'is not a resident of the state, but resides at a certain address in Detroit, Mich., as deponent is informed by one whose affidavit is annexed, is sufficient to authorize an attachment against a nonresident.

2. SAME—MOTION TO VACATE.

   Where an affidavit is filed as to the nonresidence of defendant in attachment, and there is attached thereto an affidavit by one from whom the person making the affidavit in attachment obtained information as to defendant's residence, it may be considered on a motion to vacate the attachment on the papers, as showing the source from which plaintiff derived the information set forth in her affidavit, though such supplementary affidavit was not sufficiently authenticated to secure its admission in evidence in the courts.

3. SAME—UNLIQUIDATED DAMAGES.

   In an attachment based on a claim for unliquidated damages, the moving papers must show facts from which it appears that plaintiff has been damaged in a sum which may be fully ascertained.

4. FOREIGN CORPORATIONS—DOING BUSINESS IN THE STATE.

   A contract sued on consisted of a letter dated in the state, and addressed to a foreign corporation in another state. *Held* to create no inference that the corporation was doing business in the state, requiring its assignee, in a suit thereon, to allege that the corporation had procured authority from the secretary of state to do business in the state.

Action by Philomena M. Mallon against Sigmund Rothschild. Motion to vacate judgment denied.

Mandelbaum Bros., for the motion.
Heath & Stewart, opposed.

GILDERSLEEVE, J. The plaintiff obtained, on the ground of nonresidence of defendant, a writ of attachment. The defendant made a motion to set aside the attachment on the papers upon which it was obtained, claiming that it was not shown that defendant was a nonresident. The affidavit as to the nonresidence of defendant is made by the plaintiff, who swears that:

"The defendant is not a resident of this state, but resides at No. 37 Montcalm street east, in the city of Detroit, state of Michigan, as deponent is informed by Gerhard G. Jansen, whose affidavit is hereto annexed, showing that the said defendant is a resident of said state, and now resides at the aforesaid address."

The affidavit of said Jansen was made in Michigan, and it is conceded to be insufficiently authenticated to warrant its use as an original paper in evidence, under the authority of Turtle v. Turtle, 31 App. Div. 49, 52 N. Y. Supp. 857. The mere averment of facts as upon personal knowledge, in an affidavit made to procure an attachment, is not sufficient unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers. Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710. It is not pretended in the case at bar that plaintiff has personal knowledge of the nonresidence of the defendant. The rule is that, while it is not necessary to the validity of an attachment that the affiant, upon whose affidavit the writ is applied for, should have personal knowledge of the facts required to be stated, and the same may be stated on information and belief, still it is essential that his information should appear to have been competently derived. The sources of the information must be disclosed in such a way as to enable the court to decide upon the probable truth of the statements, and the authenticity of the jurisdictional facts. Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590. As we have seen, the plaintiff bases her assertion as to the jurisdictional fact of defendant's nonresidence upon the statement of Jansen, to whose affidavit she refers, which affidavit is insufficiently authenticated to be received in evidence. Upon this state of facts the case of Hawkins v. Pakas, 39 App. Div. 506, 57 N. Y. Supp. 317, seems to be controlling. In that case it was held that the deposition of a third person, taken in a foreign state, and authenticated by a foreign notary, while insufficient as an affidavit, may properly be considered by the court, when stated by the plaintiff, in an affidavit made by him, to be the source from which he derives his information and belief; and in such a case the fact even that it is not signed by such third person is immaterial. As we have seen, the defendant makes no denial of the plaintiff's claim as to his nonresidence, but relies wholly upon the alleged insufficiency of the proof presented by the plaintiff of such nonresidence. The plaintiff states that fact on information and belief, and gives the source of such information and belief, which seem to have been competently derived. It must be held that the affidavit as to the nonresidence of defendant is sufficient to warrant the court in granting the attachment on that ground.

Defendant also attacks the attachment on the ground that the damages are unliquidated, and plaintiff has not satisfactorily shown in what sum she is entitled to judgment. Undoubtedly, on an application for an attachment, the moving papers must set forth facts from which a conclusion can be properly drawn that plaintiff has been damaged in an ascertainable sum, where the claim is for unliquidated damages. See Farquhar v. Milk Co., 30 Misc. Rep. 270,

62 N. Y. Supp. 305; Story v. Arthur, 35 Misc. Rep. 244, 71 N. Y. Supp. 776. But it appears from the affidavit of A. B. Daniels, to whom plaintiff refers as the source of her information as to the value of the labor and materials, that the reasonable value is the sum named by the plaintiff; and said Daniels sets forth in sufficient detail the requisite averments as to such labor and materials, and the value thereof. This objection of the defendant cannot be sustained.

There is one other alleged defect in the moving papers, according to the claim of defendant's attorney. He points out that under chapter 687, § 15, of the Laws of 1892, which provides that no foreign corporation, other than a moneyed corporation, doing business in New York, shall maintain an action on any contract made therein until it shall have procured from the secretary of state a certificate showing that it has complied with the laws governing such corporations, the assignee of a contract of a foreign manufacturing corporation which has failed to procure such certificate has no standing in the courts. Mueller v. Rope Co. (Sup.) 53 N. Y. Supp. 255 (Lawrence, J.). The plaintiff herein is the assignee of the claim of the L. L. Brown Paper Company, a foreign manufacturing corporation. The contract is in the form of a letter, and is dated, "New York, October 19, 1897," and is addressed by defendant to the plaintiff's assignor, at Adams, Mass. There is no statement that the said corporation has procured the certificate indicated from the secretary of state. On the other hand, there is no evidence whatever that would warrant an inference that the said corporation is "doing business in New York." The statute particularly refers to foreign corporations "doing business in New York." In the cases cited by defendant's counsel it appears affirmatively that the foreign corporation was "doing business in New York." I am of opinion that there is no merit in this objection to the attachment. The motion to vacate the attachment is denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide event.