ENNIS et al. v. UNTERMYER.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. ATTACHMENT—NONRESIDENCE—SUMMONS—DESIGNATION OF PERSON TO RECEIVE SERVICE.

Code Civ. Proc. § 636, provides that attachment may issue where the defendant, being an adult and a resident of the state, has been continuously without the state for more than six months next before the granting of an order for publication of summons against him, and has not made a designation of a person on whom a summons in his behalf may be served. Held, that a certificate of the clerk of the county of defendant's previous residence, attached to a creditor's letter requesting that he search his office for designation of a person on whom service might be made on behalf of defendant from November 27, 1877, to December 10, 1903, to the effect that no designation had been found, constituted a sufficient basis for the creditor's assertion, on information and belief, in an attachment affidavit, that no person had been so designated.

2. SAME—WARRANTS—GROUNDS OF ATTACHMENT—DESIGNATION—MOTION—OBJECTIONS.

Where an objection to warrants of attachment, that they did not sufficiently recite the grounds of the attachment, were not specified in de-

fendant's notice of motion to vacate the warrants on the papers, and the omission, if any; was a mere irregularity, the objection was unavailable.
Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Thomas A. Ennis and another against Maurice Untermyer. From an order denying a motion to vacate warrants of attachment, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Louis Marshall, for appellant.
Treadwell Cleveland, for respondents.

WILLARD BARTLETT, J.    This appeal is based upon two propositions:   (1) That the plaintiffs have not established the existence of the jurisdictional fact that the defendant has not made a designation of a person upon whom to serve a summons in his behalf, as prescribed by section 430 of the Code of Civil Procedure; and (2) that the warrants do not comply with section 641 of the Code, because they do not recite any grounds of attachment recognized by the Code.

Section 636 of the Code of Civil Procedure, in the second subdivision, among other things, provides that an attachment may issue "where the defendant, being an adult and a resident of the state, has been continuously without the state of New York for more than six months next before the granting of the order of publication of the summons against him, and has not made a designation of a person upon whom to serve a summons in his behalf, as prescribed in section 430 of this act." These warrants of attachment against Mr. Untermyer were sought on the ground that he was an absentee under this provision. The evidence that he had not made the prescribed designation is found in the following statement in the affidavit of Mr. Ennis, one of the plaintiffs:

"I have caused a search to be made in the office of the clerk of the county of New York, and I am informed and believe that the said defendant has not made a designation of a person upon whom to serve a summons on his behalf, as prescribed by section 430 of the Code of Civil Procedure, as appears by the certificate of said clerk hereto annexed."

The certificate annexed to the affidavit is as follows:

"New York City, December 10th, 1903.
"To Thomas L. Hamilton, Clerk of the County of New York:  Please search in your office for the designation of a person upon whom service can be made on behalf of Maurice Untermyer (filed pursuant to the terms of Section 430 of the Code of Civil Procedure) from November 27th, 1877, to the date hereof and certify the result to          Cleveland & Cleveland,
"27 William Street.
"Nothing found to December 10th, 1903, at 9 a. m.
"[Seal.]          Thomas L. Hamilton, Clerk."

We think that this certificate, although not capable of being used by itself as evidence, constituted a sufficient basis for the affiant's assertion of information and belief in his affidavit.    In other words, the declaration by the county clerk in this form was information "which he had a right to consider well founded," and upon which the court

could exercise jurisdiction. Hawkins v. Pakas, 39 App. Div. 506, 57 N. Y. Supp. 317.

The second point, to the effect that the warrants do not sufficiently recite the grounds of the attachment, is not available to the appellant, inasmuch as the omission, if there be one, is merely an irregularity, and is not specified in the defendant's notice of motion. King v. King, 68 App. Div. 189, 74 N. Y. Supp. 119; Rallings v. McDonald, 76 App. Div. 112, 78 N. Y. Supp. 1040.

The order refusing to vacate the warrants should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except HOOKER, J., who dissents.