(44 Misc. Rep. 308.)

### YOUNG v. AMERICAN BANK (No. 2).

(Supreme Court, Special Term, New York County. July, 1904.)

1. NEGOTIABLE INSTRUMENT—TRANSFER.

   An instrument issued by a bank, reading: "This is to certify that I. of New York has a deposit of the amount of three hundred dollars ($300)," in the bank, bearing interest at 7 per cent.; and: "This certificate is due two years from this date, or on the seventh of April, nineteen hundred and four, and will be cashed only upon being returned to the bank by I, or their order"—is negotiable and transferable by indorsement.

2. SAME—DEMAND.

   Where a certificate of deposit is due two years from date, or on a date fixed, demand of payment must be made before a cause of action can accrue thereon.

3. SAME—CERTIFICATE OF DEPOSIT.

   Where a certificate of deposit is payable to the depositor's order, the certificate of deposit must be presented to the bank properly indorsed.

4. SAME—ACTION—AFFIDAVIT.

   In an action brought by an assignee of a certificate of deposit to recover upon it and to procure an injunction, the affidavit stated demand and refusal of payment on information and belief. *Held*, that the affidavit was insufficient to support an injunction, as it failed to state the sources of information and the grounds of belief.

Action by John Young against the American Bank. Motion to vacate warrant of attachment granted.

Alexander & Colby (John Quinn and Henry G. Wiley, of counsel), for the motion.

Hastings & Gleason, opposed.

GIEGERICH, J. The five instruments upon which this action is proposed to be brought are distinctly different in their terms from the one involved in action No. 1, herewith decided (89 N. Y. Supp. 913), the dates varying, and read as follows:

"Mexico. This is to certify that the International Money Box Co. of New York has a deposit of the amount of three hundred dollars ($300) U. S. currency in this bank, which deposit bears interest at the rate of seven per cent. (7%) per annum, payable annually. This certificate is due two years from this date, or on the seventh of April, nineteen hundred and four, and will be cashed only upon being returned to the bank by the International Money Box Co. of New York or their order. City of Mexico, April 7, 1902. The American Bank. F. J. Dunkerly, cashier. The American Bank. Ricardo Colin, Ass't Manager."

While there is no promise to pay in so many words, still I think the language of the last paragraph of the instrument is susceptible of no other construction than such a promise to pay at the expiration of two years either to the International Money Box Company or their order. It is noticeable in this case, as distinguished from the other, that the paper upon its face is treated as possessing negotiable attributes in that it provides for payment either to the original holders or to their order, and, furthermore, provides for the return of the certificate before payment will be made. This differentiates it in a marked degree from writings like that referred to in the memorandum herewith handed down in action No. 1, which contains no promise to pay, and no provision for transference by order, nor any requirement that it be produced when payment is demanded. Because of these facts the reasons set forth in the authorities quoted from in that memorandum do not apply, and it must be held that the indorsement and delivery in this case constituted a sufficient assignment.

The attachment is challenged, however, on other grounds, namely, that the allegations respecting the presentment and demand and nonpayment of the instrument, being made upon information and belief, and not upon positive knowledge, should have been supported by evidence of the facts, in order to enable the court to determine whether the affiant had knowledge of the facts stated. The statements in the affidavit upon which the attachment was procured bearing upon this point are as follows:

"That prior to the maturity thereof deponent caused the said certificate of deposit to be forwarded to the city of Mexico for payment, and upon information and belief the said certificate was duly presented for payment to the American Bank at the city of Mexico, at the maturity thereof, and payment thereof demanded and refused, and the said certificate was duly returned to the plaintiff unpaid, and that the same now remains in his hands wholly unpaid."

It is a familiar rule that affidavits upon information and belief should set forth the sources of information and the grounds of belief, and certainly this rule ought not to be relaxed where a drastic provisional remedy like attachment has been resorted to; and it has been applied

repeatedly in attachment cases. Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590; Steuben County Bank v. Alberger, 78 N. Y. 252; Hunt v. Robinson, 52 App. Div. 539, 65 N. Y. Supp. 386, and numerous cases there cited. Since this defect goes to the sufficiency of the affidavit, it is a matter of substance, and relates to the merits, and consequently it was not necessary to specify it under rule 37 of the general rules of practice, which, by its terms, relates only to irregularities. Martin v. Aluminum Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010; Andrews v. Schofield, 27 App. Div. 90, 93, 50 N. Y. Supp. 132. That a certificate of deposit is not due until actual demand, has long been settled in this state. Cottle v. Marine Bank, 166 N. Y. 53, 58, 59 N. E. 736; Downes v. Phœnix Bank, 6 Hill, 297; Payne v. Gardiner, 29 N. Y. 146; Pardee v. Fish, 60 N. Y. 265, 19 Am. Rep. 176; Howell v. Adams, 68 N. Y. 314; Boughton v. Flint, 74 N. Y. 476; Munger v. Albany City Nat. Bank, 85 N. Y. 581; Smiley v. Fry, 100 N. Y. 262, 3 N. E. 186. In Cottle v. Marine Bank, just cited, the instrument in question was as follows: "John J. P. Read has deposited in this bank one thousand dollars to the credit of himself and payable to his order hereon, with interest at three per cent. per annum;" and the court said:

"The plaintiffs insist that the commencement of the action was a sufficient demand. As between maker and holder, a promissory note payable upon demand is due forthwith, and therefore a demand with tender of the note to the maker is not a condition precedent to the maturity of the cause of action. The note may be surrendered upon the trial. But in this case the paper requires payment upon a specified condition, namely, 'to his [the depositor's] order hereon,' and the demand must correspond with the obligation of payment, and that requires the presentation of the certificate to the bank, properly indorsed, unless the bank should waive the indorsement. The action is at law, and the right of recovery had not accrued when it was commenced."

Under this authority presentment and demand of payment were necessary before the cause of action accrued, and, inasmuch as the affidavit is defective for the reasons just indicated upon these points, the motion to vacate must be granted.

Motion granted, with $10 costs.