(54 Misc. Rep. 61.)

### AGNEW v. LATHAM.

(Supreme Court, Special Term, New York County. April, 1907.)

1. MOTION—NOTICE.
    General Rules of Practice, rule 37, providing that, where a motion is for irregularity, the notice or order to show cause shall specify the irregularity complained of, is not applicable where the insufficiency of affidavits is the defect relied on; such insufficiency being matter of substance.

2. REPLEVIN—AFFIDAVITS—SUFFICIENCY.
    Where, on replevin of a check, affidavits are made on behalf of defendant to obtain its return by defendant's attorney, who states the ground of his belief to be certain letters and conversations, but does not set forth the same, the affidavits are insufficient.

Action by Lee A. Agnew against Everitt B. Latham. Motion for delivery of check to plaintiff. Granted.

James W. Osborne, for the motion.
John J. Adams, opposed.

GREENBAUM, J. The preliminary objection that the moving papers are defective because the order to show cause fails to specify the irregularities complained of, as required by rule 37, General Rules of Practice, is not well taken. An irregularity has been defined to be "the want of adherence to some prescribed rule or mode of proceeding." Farrington v. Root, 10 Misc. Rep. 347, 349, 31 N. Y. Supp. 126; Bowman v. Tallman, 2 Rob. 385. In other words, it is the omission of some matter of form. Where however, as here, the defects go to the sufficiency of the affidavit as evidence, they are matters of substance, not mere irregularities, and the rule has no application. Andrews v. Schofield, 27 App. Div. 90, 93, 50 N. Y. Supp. 132; Martin v. Aluminum Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010; Young v. American Bank, 44 Misc. Rep. 311, 89 N. Y. Supp. 915.

An attorney or agent of a defendant may make affidavit for a return to him of a replevied chattel; but in such case he must state "what allegations, if any, are made upon his information and belief, and he

must set forth therein the grounds of his belief, as to all matters not stated upon his knowledge, and the reason why the affidavit is not made by the party or the claimant." Code Civ. Proc. § 1712. The affidavits upon which the attorneys for the defendant seek to obtain a return of the replevied check are, in my opinion, insufficient. The authority of the attorneys to represent the defendant is not disclosed, and the authority of the clerk of defendant's attorneys is still less apparent. But, assuming that the affiant was authorized to make the affidavit, it appears here that the grounds of his belief are stated to be "letters and other communications received" from the father of the defendant, who resides in Michigan, and "conversations had with and communications received from" a former attorney of the defendant in another action between the same parties concerning the matter which is the subject of the present action, without setting forth copies of the letters or the substance of the conversations or communications. It is not enough to state the sources of information to be statements, conversations, and letters made by, had with, and received from third parties; but the statements, conversations, and letters themselves must be given, in order that the court may determine whether they justify the conclusion drawn by the affiant. Matter of Bronson, 78 Hun, 351, 29 N. Y. Supp. 112; Ladenburg v. Commercial Bank, 87 Hun, 269, 275, 33 N. Y. Supp. 821; Steuben Co. Bank v. Alberger, 78 N. Y. 252. It is not made apparent how the father or former attorney is possessed of the information or facts upon which the affiant relies. Where an affidavit is made on information and belief, it is essential that the information should appear to be competently derived, and the sources thereof must be disclosed in such a way as to enable the court to decide upon the probable truth of the statements and the authenticity of the jurisdictional facts. Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590.

The motion for the delivery of the check to the plaintiff must be granted.