(80 Misc. Rep. 436.)

PEOPLE ex rel. HEINE PIANO CO. v. LAUER, Justice of Municipal Court.

(Supreme Court, Special Term, New York County.  April 22, 1913.)

1. REPLEVIN (§§ 28, 57*)—PROCEEDINGS—SUFFICIENCY OF AFFIDAVIT.

> In replevin, upon a complaint and an affidavit verified by the attorney for a foreign corporation, the material allegations of which were all upon his information and belief, without indicating the sources of his information, or showing any demand for the return of the property before or at the time the action was commenced, a writ of replevin was properly refused.

> [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 200–210; Dec. Dig. §§ 28, 57.*]

2. REPLEVIN (§ 69*)—RIGHT OF ACTION—DEMAND.

> In an action founded upon wrongful detention only, and not upon a wrongful taking of a chattel, a demand for the return of the property must not alone be alleged, but proved.

> [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 257–279; Dec. Dig. § 69.*]

Application by the People, on the relation of the Heine Piano Company, for peremptory writ of mandamus against Edgar J. Lauer, as Justice of the Municipal Court of the City of New York, to compel the signing of a writ of replevin.  Application denied.

Henry A. Heiser, of New York City, for relator.

A. R. Watson, Corp. Counsel, and P. J. Walsh, Asst. Corp. Counsel, both of New York City, for respondent.

PLATZEK, J.  This is an application that a peremptory writ of mandamus issue to a justice of a Municipal Court, requiring him to allow and sign a writ of replevin applied for by the petitioner in an action commenced in the Municipal Court of the City of New York.

[1, 2]  The papers upon which the writ was asked were wholly insufficient.  The complaint and affidavit presented were verified by the attorney for the relator, a foreign corporation.  All of the material allegations are made upon information and belief of the attorney.  His affidavit is barren of any statement indicating the sources of his information, or knowledge, or the grounds of his belief.  Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590; Hoormann v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710.  It does not appear in the papers that any demand for the return of the property was made before or at the time that the action was commenced.  It is elementary that when an action is founded upon wrongful detention only, and not upon a wrongful taking of a chattel, a demand for the return of the property must not alone be alleged, but proved.  The learned justice was justified under these circumstances in refusing to allow a writ of replevin to issue.

This application must be and is denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes