DONALD STEWART and GEORGE WILSON, as Copartners Doing Business under the Firm Name and Style of UNITED TIN TRADING COMPANY, Respondents, v. BENJAMIN E. SANDALL, Appellant.

First Department, July 11, 1918.

**Partnership — right of one partner to sue another at law after dissolution and settlement of accounts — attachment — sufficiency of affidavit.**

Although a partner cannot sue his copartner at law except, on the full settlement of the partnership accounts, a balance struck, and a promise to pay such balance, yet on a partial settlement of the accounts and a balance struck, acquiesced in, and a promise to pay, evidenced by a negotiable instrument given, a cause of action accrues on said instrument upon which one partner can sue the other, as the action is not based upon the partnership affairs but on the promise to pay.

An affidavit on a motion for a warrant of attachment which states " that the deponent is the attorney in fact for the plaintiffs herein and knows them and has received instructions respecting all the facts herein stated," but which does not state from whom the attorney received the instructions and information nor show any facts upon which his personal knowledge can be predicated, is insufficient.

APPEAL by the defendant, Benjamin E. Sandall, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of November, 1917, denying defendant's motion to vacate a warrant of attachment herein.

*Arleigh Pelham* of counsel [*Shiland & Hedges,* attorneys], for the appellant.

*Eliot Norton,* for the respondents.

PAGE, J.:

The action was to recover upon a draft for $12,000, given to the plaintiffs by the defendant upon a partial settlement of the accounts of a copartnership theretofore existing between the parties hereto upon a dissolution thereof caused by the withdrawal of the defendant, in which partial settlement the defendant was found to be indebted to the plaintiffs in the

sum of $22,000. The defendant paid $10,000 in cash, and gave the draft in suit in settlement of said indebtedness. The first ground of the defendant's motion to vacate the attachment, that the action is in equity and not at law, is not well founded. While the rule is correctly stated by the defendant's counsel, that a partner cannot sue another at law, except on the full settlement of the partnership accounts, a balance struck, and a promise to pay such balance, yet on a partial settlement of the accounts and a balance struck, acquiesced in, and a promise to pay evidenced by a negotiable instrument given, a cause of action accrues on the negotiable instrument upon which one partner can sue the other, as the cause of action is not based upon the partnership affairs but on the promise to pay. The indebtedness as shown by the settlement furnishes a consideration for the promise.

The affidavit upon which the order for the warrant was granted is fatally defective. It is made by the attorney in fact for the plaintiffs, but it does not state facts sufficient to show that the attorney in fact has knowledge concerning the matters alleged therein, nor does it set forth the sources of his information. The statement in the affidavit is, " that the deponent is the attorney in fact of the plaintiffs herein and knows them and has received instructions and information respecting all the facts herein stated." It will be noted that it does not state from whom he has received the instructions and information, nor does it show any facts upon which personal knowledge can be predicated. This is entirely insufficient. (*Murphy* v. *Jack*, 142 N. Y. 215, 217.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.