JOHN WALZER, Assignee of IRVING TRUST COMPANY, Trustee in Bankruptcy of OLIVIT BROS., INC., Plaintiff, *v.* MANUFACTURERS TRUST COMPANY, Defendant.*

Supreme Court, Trial Term, New York County, December 11, 1935.

* Affd., 248 App. Div. 865.

*Newman & Bisco*, for the appellant.

*Harry J. Beethoven*, for the respondent.

Lauer, J. This motion is made by the defendant to amend the decision of this court heretofore made so that it may include a determination of the question on the Statute of Limitations raised by the defendant. The motion, while designated as a motion to amend, is in fact a motion to set aside a decision heretofore made by me. A decision having been arrived at and the Trial Term during which the instant case was heard having expired, the original decision cannot now be reconsidered. I have examined the authorities in respect to the point urged by the defendant as grounds for reconsideration. The law is not free from doubt as to the time when the Statute of Limitations begins to run in favor of a bank certifying a check. I believe, however, that the precedents and authorities which sustain the view that the Statute of Limitations begins to run in favor of the certifying bank only after a demand is made by the rightful holder of the certified check are the sounder in principle and reasoning. (*Bank of British North America* v. *Merchants National Bank of N. Y.*, 91 N. Y. 106; *Keleher* v. *Mfrs. Trust Co.*, 145 Misc. 589; *Girard Bank* v. *Bank of Penn Township*, 39 Penn. St. 92.) A bank certifying a check is not prejudiced by a delay in demanding payment on a certified check, as the bank retains the custody and use of the money appropriated to the certified check until such time as it is paid. To hold that the Statute of Limitations precludes a recovery in the instant case would result in enabling the defendant bank to unjustly enrich itself to the extent of the amount of the outstanding certified checks. To such a result, I do not choose to give my aid.

The original decision is adhered to and this motion is denied.