GLYNDWR WILLIAMS, Plaintiff, *v.* THOMAS R. CLARK, as Treasurer of American Express Company, an Unincorporated Association, Defendant.

Supreme Court, Special Term, Broome County, April 10, 1952.

*Edwin H. Krom* and *Peter Mead Abel* for defendant.

*Maurice P. O'Brien* for plaintiff.

McAvoy, J. This is a motion by defendant, pursuant to subdivision 6 [now subd. 5] of rule 107 of the Rules of Civil Practice, for judgment dismissing the complaint herein on the ground that the cause of action alleged did not accrue within the time limited by law for the commencement of an action thereon.

The complaint alleges that plaintiff in the first week of January, 1946, purchased from an agent of defendant at Plymouth, Pennsylvania, twenty travelers checks in the total sum of $400, each check being of the $20 denomination; that each was signed by plaintiff in the presence of the defendant's agent; that thereafter plaintiff cashed four checks, worth $80; that on or about January 8, 1946, the remaining sixteen checks, in the amount of $320, became lost or stolen and the plaintiff at once gave notice thereof to defendant; that thereafter defendant honored said checks without plaintiff's countersignature appearing thereon; that plaintiff on and since the 18th day of April, 1947, duly demanded payment of said checks from the defendant, and the same was refused.

The defendant's affidavit, submitted in support of this motion to dismiss the complaint, shows that the checks in question were

presented for payment to the defendant within a few days after the alleged loss, and all paid by the defendant by January 14, 1946.

It is defendant's position on this motion that the cause of action alleged in the complaint accrued the moment defendant cashed the lost checks with the allegedly forged countersignatures; that since all such checks were paid by January 14, 1946, this action, which was not commenced until January 31, 1952, is therefore barred by the six-year Statute of Limitations, because it is an action for breach of contract.

Photostatic copies of the travelers checks issued by the defendant and attached to the moving papers herein were in substantially the following form:

| U. S. Dollar Travelers Cheque | Number |
|---|---|
| When Countersigned Below with this Signature | Before Cashing Write Here City and Date |
| (Signature of Purchaser) | |

....................................     ..........................19...

AMERICAN EXPRESS COMPANY

At Its Paying Agencies

Pay this Cheque from Our
Balance to the Order of...........................................$20.00
Countersign Here in Presence
of Person Cashing

(Signed by Treasurer.)

..............................

..............................
Treasurer.

When the plaintiff purchased these checks he deposited with the defendant moneys in their face amount. In effect, he opened an account with the defendant in much the same manner as one would open an account with a bank. The transaction was essentially a deposit and not a loan. The defendant's obligation to pay arose only after the checks were countersigned by plaintiff and a demand for payment made, either by plaintiff or his lawful transferee.

No right of action would accrue thereon against the defendant until after such demand and a refusal of payment. Hence, the Statute of Limitations would begin to run from the time of the demand and not before. (See *Payne* v. *Gardiner*, 29 N. Y. 146; *Boughton* v. *Flint*, 74 N. Y. 476, 482; *Smiley* v. *Fry*, 100 N. Y. 262; *Sheldon* v. *Heaton*, 88 Hun 535, 537; *Bank of British North America* v. *Merchants Nat. Bank of City of New York*, 91 N. Y.

106; *Walzer* v. *Manufacturer's Trust Co.*, 160 Misc. 803, and *Matter of Bank of United States*, 243 App. Div. 287, 291.)

The checks here involved were in the nature of certificates of deposit, and defendant was not bound to pay the deposit represented thereby until they were produced and surrendered properly countersigned.

" That a certificate of deposit is not due until actual demand has long been settled in this State." (*Cottle* v. *Marine Bank*, 166 N. Y. 53, 58; *Payne* v. *Gardiner; Boughton* v. *Flint; Smiley* v. *Fry, supra.*)

Here the complaint alleges, and we must deem it true for the purposes of this motion, that demand for payment of the checks was not made until April 18, 1947. Until that time no cause of action accrued against the defendant, and hence this action is not barred by the six-year Statute of Limitations.

The defendant relies solely upon the authority of *Sullivan* v. *Knauth* (220 N. Y. 216) to sustain its argument here that when defendant cashed the checks upon allegedly forged countersignatures, it breached its contract with the plaintiff, and his right of action accrued as of that time and is therefore now barred by the six-year statute.

It is significant that this case has apparently not been cited since. The question as to when the cause of action accrued and the Statute of Limitations commenced to run on plaintiff's claim in that case was not an issue before the court and not directly passed upon. Consequently, any observation of the court bearing indirectly upon that question must be considered as dictum and not controlling here.

Therefore, the motion of the defendant is denied, with $10 costs to the plaintiff.

Submit order in accordance herewith.