GLYNDWR WILLIAMS, Respondent, v. THOMAS R. CLARK, as Treasurer of American Express Company, an Unincorporated Association, Appellant.— Appeal from order of Supreme Court, Broome County, which denied a motion to dismiss a complaint. Plaintiff bought from the American Express Company traveler's checks in the sum of $400. He cashed $80 of these; the rest were stolen on January 8, 1946, and he immediately notified the company of the loss. The proof is not in dispute on defendant's motion to dismiss the complaint on the ground the Statute of Limitations has run, that the stolen checks were all cashed not later than January 14, 1946. The complaint pleads that this payment by defendant of the stolen checks, not being at plaintiff's order or on authority of his signature, constitutes the breach. This being the breach pleaded, the cause of action accrued then. (*Sullivan* v. *Knauth,* 220 N. Y. 216, 224.) This action was not commenced until January 31, 1952, six years and seventeen days after it accrued. A demand made later than January 31, 1946, did not keep it alive. The time began to run when it accrued. Only static contractual relations, such as the possession of property by a pledgee as collateral, or of a bailee for safekeeping, or a bank account, require demand and refusal for accrual of the cause of action for a breach. See *Ganley* v. *Troy City Nat. Bank* (98 N. Y. 487) as an example of the reasons which underly such a rule. But here there was a sharply defined breach when the checks were stolen and cashed, notice given, and they were not made good. The duty to make them good arose immediately. It was not a condition which con-

tinued until somebody did something else about it. We think the statute has run. Order reversed on the law, with $10 costs and disbursements and complaint dismissed. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [202 Misc. 1022.]